JOSEPH B. HOLMES, Appellant, *v.* JOSEPH SINCLAIR, who sues for the use of James Close, Appellee.

### APPEAL FROM RANDOLPH.

In an action against A B, if a note is offered in evidence signed by him and C D & Co., jointly, it will be evidence to sustain the action, where the bill of exceptions does not purport to give all the evidence; as it will be presumed, in such case, that other and proper proof was adduced to show that the note was the several note of A B.

Where the personal pronoun is used in the body of a note, as indicating a sole maker of it, it is but his separate note.

THIS was an action of assumpsit in the Randolph Circuit Court, brought by the appellee, who was plaintiff below, against the appellant, defendant.  The cause was tried by the court, by consent of the parties, at the September term, 1857, and judgment rendered in favor of the plaintiff for $185.64, by BREESE, Justice.

The plaintiff's declaration in the case contains but two counts, and the following is a copy of the material parts of it:

The first count alleges that "the said defendant and one Joseph Sinclair & Co., heretofore," etc., "made their certain promissory note in writing, bearing date," etc., "and thereby then and there jointly and severally promised to pay, one day after the date thereof, to the said plaintiff (as administrator of the estate of Wm. H. Allen, deceased,) $182, and the said defendant and the said Joseph Sinclair & Co. then and there delivered the said promissory note to the said plaintiff, by means whereof, and by force of the statute in such cases made and provided, the said defendant then and there became liable to pay the said plaintiff the said sum of money in the said promissory note mentioned, according to the tenor and effect of the said promissory note," etc.

The second count alleges "that the said defendant heretofore," etc., "made his certain promissory note in writing, bearing date," etc., "and thereby then and there promised to pay, one day after the date thereof, to the said plaintiff, the sum of $182, and then and there delivered the said promissory note to the said plaintiff, by means whereof, and by force of the statute in such case made and provided, the said defendant then and there became liable to pay to the said plaintiff the said sum of money in the said promissory note specified, according to the tenor and effect of the said promissory note," etc.

To the first count, the defendant, by his attorney, demurred, which was overruled by the court, and by consent the demurrer was withdrawn, and the plea of *non assumpsit* entered to both counts. The plaintiff then offered in evidence a promissory note, of which the following is a copy:

$182. One day after date, we promise to pay to Joseph Sinclair, (as administrator of the estate of Wm. H. Allen, deceased,) the sum of one hundred and eighty-two dollars.

Ashland Mills, May the 6th, 1857.       JOS. SINCLAIR & CO.

Joseph B. Holmes, by J. P. Craig.

The defendant objected to the note as evidence under the plaintiff's declaration. The objection was overruled, and the note admitted, to which the defendant excepted. Judgment was then rendered for the plaintiff, as before stated. The defendant subsequently moved the court for a new trial, on the ground that the note was improperly admitted in evidence. The motion was refused, whereupon the defendant moved for a bill of exceptions, which was allowed by the court, signed and sealed and made a part of the record.

T. G. Allen, for Appellant.

G. Koerner, for Appellee.

Holmes *v.* Sinclair.

CATON, C. J.   This declaration contains two counts.   The first is upon a joint and several promissory note, averred to have been executed by the defendant below and Jos. Sinclair & Co., and the second is upon a several promissory note executed by the defendant alone.   Upon the trial, the plaintiff below offered in evidence a note purporting to have been executed by Jos. Sinclair & Co. and Joseph B. Holmes, jointly, to which the defendant objected, which objection was overruled by the court, and the note allowed to go in evidence to the court sitting in place of a jury, to which an exception was taken.   What other evidence was adduced we do not know, as the bill of exceptions does not purport to give all the evidence.   If other evidence might have been given which would have shown that this was the several note of Holmes, so as to support the declaration, we are bound to presume that such evidence was given, the presumption being that the court decided properly in considering the note in evidence to support the action.   That facts might have existed which rendered the note the sole and individual undertaking of Holmes, there can be no doubt.   Suppose it to have been proved that the name of the apparent joint maker of the note with Holmes had been signed to it without authority, so that he was not bound by it, no action could have been maintained against him upon it.   To put a strong case, suppose Holmes himself had forged the name of the other apparent joint maker of the note, he alone would have been bound by it.   It would have been his individual and separate note, and only as such could have been recovered upon.   Had both been sued jointly, the action could not have been maintained in such a case even against Holmes, for a joint action must be maintained against the joint defendants, or none.   Except a personal defense be made as to a part of the defendants, as infancy, bankruptcy, and the like.   In the case supposed, the only mode in which Holmes could be made responsible, according to the true nature of his liability, would be in a separate action against him as upon his separate note, for it would be his separate and individual note, and nothing else.   Its legal effect would be precisely the same as if his own name alone appeared to the note.   Where the plural pronoun is used in the body of the note for a sole maker, it is but his separate note.   We cannot say, from this record, that the court erred.

The judgment must be affirmed.

*Judgment affirmed.*