[No. 18409.   Department Two.—November 14, 1895.]

# THE FIRST NATIONAL BANK OF FRESNO, Respondent, v. FRANK DUSY, Appellant.

Foreclosure of Mortgage — Pledge — Collateral Security—Trust— Evidence—Harmless Ruling.—In an action to foreclose a mortgage and a pledge of water stock, in which the complaint alleges the execution of a promissory note by the defendant to the plaintiff, payable on demand, with provision for a reasonable attorney's fee in case of suit, and an assignment of shares of water stock as security therefor, and that as further security the defendant afterward executed and delivered to a third party a note and mortgage for a larger sum, which was assigned to the plaintiff, and it was sought to foreclose the mortgage so assigned, and the pledge of the water stock, for the amount only of the original note, and for a reasonable attorney's fee, and the answer of the defendant denied that the mortgage was executed to secure the payment of the original note held by plaintiff, but alleged that it was executed in trust to the payee thereof to take up and deliver three notes of the defendant, aggregating the principal sum named in the mortgage, one of which was the note in suit, and that the trust was violated by the mortgagee, and the mortgage transferred to the plaintiff without the knowledge and consent of the defendant, in violation of said trust, the collateral note and mortgage are admissible in evidence under the issues tendered; and where the court found in favor of the plaintiff upon all of the issues, and foreclosed the mortgage for the amount of the original note and interest, the mortgagor could not be prejudiced by rulings upon the admission of evidence respecting the mortgage, and as to whether the mortgagee had failed to take up the notes as alleged by the defendant.

Id. — Mistake in Findings and Judgment — Failure to Foreclose Pledge — Amendment — Jurisdiction. — In an action to foreclose a mortgage and a pledge of water stock, where neither the conclusions of law, nor the order for judgment, nor the judgment as entered make any disposition of the stock which was pledged as security for the debt, the trial court has no jurisdiction, after the entry of judgment foreclosing the mortgage, to amend the findings and judgment so as to provide further for a foreclosure of the pledge.

Id.—Decision against Law—New Trial—Appeal.—The failure of the court to order and adjudge the foreclosure of the pledge of water stock is an error of law which may be assigned by the defendant as a decision against law in his motion for a new trial, and such erroneous decision could only be corrected in the court below by granting the motion for a new trial; but where the fact that the pledge of the water stock was made, and that it preceded the mortgage security foreclosed, is admitted by the answer, the appellate court may, upon appeal, order a modification of the judgment so as to include an order of sale of the water stock, and to order it to be first sold, unless the defendant should otherwise direct.

Appeal from a judgment of the Superior Court of the County of Fresno and from an order denying a new trial.   J. R. Webb, Judge.

The facts are stated in the opinion.

*Willey J. Tinnin,* for Appellant.

The lower court had no jurisdiction to order the clerk to amend the judgment by inserting new matter into it nearly two months after the judgment was entered in the records of the court. (*Bate* v. *Miller,* 63 Cal. 233; *Wunderlin* v. *Cadogan,* 75 Cal. 617; *Smith* v. *Taylor,* 82 Cal. 544; *Los Angeles County* v. *Lankershim,* 100 Cal. 525.)

*George E. Church,* for Respondent.

As there was no change made in the findings of fact, the alteration in the judgment was, at most, the correction of a mere misprision. (*Estate of Schroeder,* 46 Cal. 316; *Wunderlin* v. *Cadogan,* 75 Cal. 617.)

Haynes, C.—Action to foreclose a mortgage and a pledge of water stock. Findings and decree passed in favor of the plaintiff, and Dusy, the debtor and mortgagor, appeals from the judgment and from an order denying a new trial. The demand sought to be foreclosed was a promissory note for $1,900, made by Dusy to the plaintiff December 28, 1889, payable on demand. Said note also provided that in case of suit a reasonable attorney's fee should be allowed by the court. As security for the payment of this note, Dusy assigned to the bank sixteen and one-half shares of the capital stock of the Fowler's Switch Canal Company.

The complaint further alleged that on December 20, 1892, defendant Dusy, as further security for the payment of said note, executed and delivered to O. J. Woodward his promissory note of that date for $4,500, payable on demand, and at the same time executed to said Woodward a mortgage on certain real estate therein described, which note and mortgage Woodward duly assigned and

transferred to the plaintiff, and prayed for judgment for the amount of said first-named promissory note with interest as therein provided, and for the sum of $200 as a reasonable attorney's fee in the action, and that said mortgaged premises and said water stock be sold to satisfy the same. Defendant's demurrer to the complaint was overruled, and defendant Dusy answered and denied that the mortgage described in plaintiff's complaint is a lien on any of the property described therein; and also denied that the note for $4,500 and the mortgage were executed to Woodward to secure the payment of said $1,900 note, and alleged that said $4,500 note and mortgage were delivered to Woodward in trust to take up and deliver to the defendant three of defendant's promissory notes, one of said notes being the one for the sum of $1,900 mentioned in plaintiff's complaint, and that all three of said notes aggregate the sum of about $4,500; that Woodward violated said trust in that he failed to take up said notes, or either of them, and that he had placed said mortgage on record as a lien on defendant's property, and that he transferred said $4,500 note to plaintiff without the knowledge and consent of the defendant, and in violation of his said trust and agreement; that the bank took said transfer with full knowledge of the trust and agreement between Woodward and defendant, and that said note and mortgage were without any consideration whatever.

Defendant also filed a cross-complaint setting out substantially the same facts, and prayed for judgment against the plaintiff for his costs. Plaintiff answered the cross-complaint, denied that Woodward agreed in any way whatever to take up or cancel any of defendant's notes as a condition of the execution of said note and mortgage, and alleged, as was alleged in the complaint, that defendant executed and delivered said note and mortgage as further security for the payment of said note for $1,900.

The findings were in favor of the plaintiff upon all the issues, and judgment was entered thereon. It ap-

peared from the evidence that at the time the note for $4,500 and the mortgage to secure the same were executed, that Dusy was indebted to the Bank of Selma upon two promissory notes, one for the sum of about $1,300 and the other for $800, and interest on each of them; that one of these notes was secured by a pledge of stock in the Fowler's Switch Canal Company, and the other by a mortgage upon the same property mortgaged to Woodward; that Woodward was a director in the Bank of Selma, and was president and general manager of the First National Bank of Fresno, the plaintiff in this action, and that his intention was to have this mortgage as additional security for defendant's indebtedness to the Bank of Selma, as well as for the $1,900 note held by plaintiff; but the Bank of Selma was satisfied with the security already held by it, and declined to avail itself of the additional security, and, in this action, the plaintiff only sought to recover the amount due upon the $1,900 note, together with its costs and a reasonable attorney's fee as provided for in said $1,900 note, as well as in the collateral note and mortgage.

The court did not err in admitting in evidence the collateral note and mortgage. That, as well as the $1,900 note, was set out in the complaint, and as it was conceded in the complaint that appellant's indebtedness to the plaintiff was only the amount of the original note and interest, and as only that sum was recovered, appellant was not prejudiced by any of the rulings upon the admission of evidence specified by appellant, whether they were technically correct or not. They need not, therefore, be considered in detail. It does not appear that it would have benefited appellant if plaintiff or Woodward had paid the claims held by the Bank of Selma, and, as the court found upon sufficient evidence that Woodward did not agree to pay those claims, appellant was not prejudiced by the ruling of the court upon the question whether he had paid them. These remarks also dispose of the questions put to Stroud in relation to the same matter.

It is also specified by appellant in his statement on motion for a new trial that the decision of the court is against law, in that the pleadings and evidence in said action show that defendant, to secure the $1,900 note, delivered to plaintiff sixteen and one-half shares of the Fowler's Switch Canal Company's stock, and that no finding is made in regard thereto, and that the judgment neither orders said shares of stock to be sold nor to be delivered to defendant, and that said shares of stock are left in the hands of plaintiff without any consideration to defendant.

The third finding is to the effect that appellant assigned said stock to the plaintiff, and that plaintiff now holds said stock as security, and that said stock is evidenced by the certificate issued to O. J. Woodward, as trustee, and numbered 463. It is true, however, that neither the order for judgment nor the judgment as entered made any disposition of said stock; and this omission presents the principal question in the case.

The findings in said cause were filed and judgment entered on the 28th of April, 1894, and notice of defendant's intention to move for a new trial was given on May 8th. Appellant's statement on motion for a new trial was served on plaintiff's attorney June 6, 1894. On June 18, 1894, the plaintiff served and filed notice that on the 23d of June, 1894, the plaintiff would move the court to amend the conclusions of law filed in said action by inserting after the word "mortgage," in a designated place, the words "together with the said sixteen and one-half shares of stock"; and also to amend the judgment herein by inserting in a designated place the words "together with the sixteen and one-half shares of stock also described therein." This motion was based upon an affidavit made by counsel for the plaintiff, "that by mistake and inadvertence said court omitted to find, as a conclusion of law, that the said plaintiff is entitled to have said shares of stock sold, and the proceeds applied to satisfy said judgment so made and entered herein, and, by like inadvertence,

the judgment so made, given, and entered herein failed to provide that said shares of stock be sold, and the proceeds applied to the payment of said judgment."

Defendant's counsel objected to the consideration of the motion: 1. "That the judgment therein had been duly given or made, rendered, and entered in said action, and that also the said matter was then pending on motion for a new trial, and was without the jurisdiction of the court "; 2. " That the said motion and the said affidavit were each irrelevant, incompetent, and immaterial, in that the findings and conclusions of law and judgment had been rendered and entered."

The court overruled these objections, and ordered the clerk to amend the conclusions of law as requested by plaintiff, and also to amend the judgment by inserting the words stated in said notice of motion; and to this *ruling of the court, and the order so made,* the defendant excepted.

Counsel for respondent, upon this point, says, that "the only change made was to make the judgment entered conform with the judgment as pronounced by the court." If that were true, there would be no question as to the power of the court to make the amendment. But the water stock was not included in or affected by *the order* of the court upon which the *judgment as originally* entered was based. The conclusions of law were, in substance, simply that the plaintiff was entitled to a judgment for a specified sum of money, with a specified sum as attorney's fees, and costs of suit; that the said amounts were a valid lien upon the lands and premises described in the complaint, and that plaintiff is entitled to have said premises sold according to law, and the proceeds applied, etc.; and concludes with the order, " let judgment be entered accordingly."

It is clear that the judgment as originally entered was in precise accordance with the conclusions of law and the order of the court. Whether the water stock should be sold at all to satisfy the plaintiff's claim, or whether it should be sold before resorting to the real estate em-

braced in the mortgage, or whether the stock should be surrendered to the defendant, were judicial questions, which the court failed to pass upon, and this failure was an error of law, which it was not in the power of the court to correct upon motion.

It is true the complaint alleged a lien upon the stock, and prayed that it might be sold as well as the real estate, and the court found, as a fact, that the stock was assigned to the plaintiff, and was then held as security for the payment of said $1,900 note, and no reason appears upon the face of the judgment-roll why it should not be sold in satisfaction of the plaintiff's judgment. But, as said above, the making of an order that it be sold involves judicial action, and we think the better rule is, as to such omissions or mistakes, that it is not in the power of the court after the entry of judgment to make a new order directing the sale of other property than that embraced in the original order and the judgment entered thereon; that such direction would be equivalent to exercising a revisory power over the judgment itself by the same authority that pronounced it. (See Freeman on Judgments, sec. 70, and cases cited in note 2.) The same author in the same section says: "To entitle a party to an order amending a judgment, order, or decree he must establish that the entry as made does not conform to what the court ordered." And, again: "On the one hand, it is certain that proceedings for the amendment of judgments ought never to be permitted to become revisory or appellate in their nature; ought never to be the means of modifying or enlarging the judgment or the judgment record, so that it shall express something which the court did not pronounce, even though the proposed amendment embraces matters which ought clearly to have been so pronounced."

The decision of the court, referred to in sections 632 and 633 of the Code of Civil Procedure, when filed, amounts in law to a rendition of the judgment. (*San Joaquin etc. Co. v. West*, 99 Cal. 347.) "The rendition of a judgment is a judicial act. Its entering upon the

record is merely ministerial." (*Crim* v. *Kessing*, 89 Cal. 478; 23 Am. St. Rep. 491.)

In *Sichel* v. *Carrillo*, 42 Cal. 507, the question whether conclusions of law could be changed before the entry of judgment thereon was made, but not decided. In *Condee* v. *Barton*, 62 Cal. 1, it was held that the conclusions of law first announced were not final and beyond the reach of the court, so as to preclude the court from changing them at any time before the judgment is entered. In *Broder* v. *Conklin*, 98 Cal. 362, it was said that section 633 of the Code of Civil Procedure "requires the court, in giving the decision, to state the facts found and the conclusions of law separately, and provides that after the decision has been given judgment must be entered accordingly. The judgment which is to be entered upon the decision is the sentence of the court in conformity with the conclusion of law, and must find its basis therein"; and it was further said that "they (the conclusions of law) may be changed by the court any time prior to the entry of judgment." (Citing *Condee* v. *Barton*, *supra; Crim* v. *Kessing*, *supra.* See, also, *In re Cook*, 77 Cal. 229; 11 Am. St. Rep. 267, where *Condee* v. *Barton*, *supra*, is cited.)

I do not find any case in this state where the question as to the power of the court to change or add to its conclusions of law after the entry of the judgment has been expressly decided; but the language used in the cases above cited, inferentially at least, limits the power of the court in this regard to a period which expires with the entry of the judgment. In *Egan* v. *Egan*, 90 Cal. 21, it was said: "It clearly appears in the present case that the matter contained in the amendment made by the order appealed from was not omitted from the judgment by reason of any neglect of the clerk in recording the same, but was intentionally excluded therefrom by the court itself at the time it rendered the judgment. If it should be admitted that the court ought to have included the provisions of this stipulation in its decree, its failure to do so was an error re-

sulting either from a misconception of the law applicable to the facts before it, or from a failure to give sufficient consideration to those facts. In either case it was an error of law committed at the trial, which the defendant should have sought to remedy through her motion for a new trial."

The principle there decided, we think, is conclusive of the question under consideration. This conclusion, however, is strongly supported by the case of *Forquer* v. *Forquer*, 19 Ill. 71, where it was said: "This was not a clerical mistake of the clerk in entering up the decree which was rendered by the court, but was an error of the court in rendering the decree, which should be reversed on error. There is nothing to show that the court noticed the prayer of the bill, that the rights of the widow, in the lease, should be reserved to her in the sale to be made of the premises, and that the judge intended to reserve such right in the decree. The draft of the decree was drawn by the complainants' solicitor, and he swears that he inadvertently omitted to insert the saving clause, according to the prayer of the bill. The presumption is, that the court inspected the draft thus drawn, and pronounced it as the decree of the court without critically comparing it with the bill, and hence was inadvertently led into the error which undoubtedly exists in the decree. The clerk correctly copied into the record the draft of the decree as it was rendered. If the judge's minutes showed that there was a saving clause, we might presume that the draft prepared by the solicitor did not express the whole of the decree, and that the clerk had, by mistake, omitted to enter the saving clause in the decree, when the amendment might have been authorized by the statute of jeofails, but there is nothing to show that the court had an intention to insert such saving clause. This, then, was clearly a judicial, and not a clerical, error, which can only be corrected in this court."

We cannot say that the omission of the court to dispose of the water stock by the decree was not prejudicial

to appellant, and, as it was clearly erroneous, the motion
for a new trial should have been granted.   The amend-
ment of the order for judgment and the amendment of
the judgment itself, being unauthorized and beyond the
jurisdiction of the court, and therefore void, did not
change the situation.   If the motion for new trial should
have prevailed, the amendment not having been made,
it should have been granted notwithstanding the amend-
ment.

But, as the pledge of the water stock was admitted by
the answer, the stock should have been included in the
order for judgment and in the judgment and order of
sale.

The cause should be remanded, with directions to the
court below to amend its order for judgment and the
judgment therein so as to include said water stock in
the order of sale, and directing that said water stock
shall be first sold, unless the defendant shall otherwise
direct; and the judgment as so amended should be
affirmed, appellant to recover his costs on this appeal.

Britt, C., and Searls, C., concurred.

For the reasons given in the foregoing opinion it is
ordered that this cause be remanded to the court below,
with directions to modify the judgment so as to include
said water stock in the order of sale, and, as so modified,
the judgment be affirmed, appellant to recover his costs
on this appeal.

McFarland, J., Temple, J., Henshaw, J.