DETERMINED IN

# THE SUPREME COURT

OF THE

## STATE OF CALIFORNIA.

[L. A. No. 203.   Department Two.—January 29, 1897.]

OLIVE BYRNE, Respondent, v. ABRAHAM HOAG
ET AL., Appellants.

FORECLOSURE OF MORTGAGE—DECREE FOR INTEREST—AMENDMENT—REMEDY FOR JUDICIAL ERROR.—A decree signed by the judge, and expressly purporting to order a sale only for interest then due, cannot be amended, more than one year after the decree, by inserting a direction providing for a sale for the remainder of the principal and interest thereafter to become due upon the note secured by the mortgage, there being no inadvertence or misprision of the clerk in failure to enter the judgment intended by the court, and any judicial error committed in rendering the judgment could be remedied only by appeal, or motion for a new trial.

APPEAL from a judgment of the Superior Court of Riverside County.   J. S. NOYES, Judge.

The facts are stated in the opinion of the court.

*Charles R. Gray*, for Appellants.

The action being one in equity, no judgment could be entered without proof of the amount unpaid on the note and mortgage.   (Code Civ. Proc., sec. 585, subds. 2, 3.)   The signature of a judge is not necessary to a decree, but it is of service in determining what has been adjudged (*Broder* v. *Conklin*, 98 Cal. 360), and this judgment having been regularly entered, the court, after the lapse of six months, lost jurisdiction to make

a new judgment. (*San Joaquin Land etc. Co.* v. *West,*
99 Cal. 348; Code Civ. Proc., sec. 1049; *Brackett* v. *Bane-
gas,* 99 Cal. 623; *Egan* v. *Egan,* 90 Cal. 15; *Jacks* v.
*Baldez,* 97 Cal. 91; *Blondeau* v. *Snyder,* 95 Cal. 521; *Dyer-
ville Mfg. Co.* v. *Heller,* 102 Cal. 615; *First Nat. Bank* v.
*Dusy,* 110 Cal. 69.) The two judgments are extremely
different as to the determinations of the court. (*Bank
of Napa* v. *Godfrey,* 77 Cal. 612.)

*Purington & Adair,* for Respondent.

All courts of record have the inherent power to cor-
rect their records at any time so that they may conform
to the actual facts. (*Crim* v. *Kessing,* 89 Cal. 486; 23
Am. St. Rep. 491; *Von Schmidt* v. *Widber,* 99 Cal. 514;
Hayne on New Trial and Appeal, sec. 117; *San Joaquin
Land etc. Co.* v. *West,* 99 Cal. 347; *Egan* v. *Egan,* 90 Cal.
21; *Beatty* v. *Dixon,* 56 Cal. 624; *Leviston* v. *Swan,* 33
Cal. 480; *In re Schroeder,* 46 Cal. 316; *Bostwick* v. *Mc-
Evoy,* 62 Cal. 502; *Dreyfuss* v. *Tompkins,* 67 Cal. 340; 1
Freeman on Judgments, secs. 70, 72.) The document
indorsed "opinion" was not only an opinion but was an
order for judgment (Code Civ. Proc., sec. 1003), and it
constitutes the rendition of the judgment in the case.
(*Crim* v. *Kessing, supra; In re Cook,* 77 Cal. 227; 11
Am. St. Rep. 267.) The judgment need not be signed
by the judge. (*Clink* v. *Thurston,* 47 Cal. 29; *Crim* v.
*Kessing, supra.*) As the judgment as amended includes
what the law implied already in the judgment as first
entered, it does not injure defendant, and the judgment
is not in substance enlarged except as to providing for
the amount to become due. (*Sichler* v. *Look,* 93 Cal.
610; *Leviston* v. *Swan,* 33 Cal. 484; *Rousset* v. *Boyle,* 45
Cal. 64; *Dreyfuss* v. *Tompkins, supra; Fallon* v. *Brittan,*
84 Cal. 514; *Bostwick* v. *McEvoy, supra.*)

McFARLAND, J.—This is an appeal by the defendants
from a judgment against them entered on the twenty-
eighth day of November, 1895.

The facts of the case, as they appear upon the record,

are as follows: In 1893, the plaintiff commenced this
action against the defendants to foreclose a mortgage
given by the latter to the former to secure a promissory
note for two thousand dollars, dated April 27, 1892,
payable in three years from date, with interest at twelve
per cent per annum, payable annually. At the time of
the commencement of the suit the first installment of
interest was due, and it was alleged in the complaint
" that no sum either on the account of the principal or
interest on the said note has been paid"; and the prayer
is for judgment for the said sum of two thousand dol-
lars and interest, and that the usual decree be made for
the sale of the mortgaged premises, the application of
the proceeds thereof to the satisfaction of the whole
amount of the note, and for a deficiency judgment. In
the answer the defendant denied that there was any-
thing more due than the one year's interest, and prayed
that the plaintiff have no greater relief than a decree
with respect to said interest. The court rendered a
judgment for the sum of two hundred and forty dol-
lars, with interest thereon at the rate of seven per cent
per annum, from the twenty-seventh day of April, 1893,
and for an attorney's fee of one hundred dollars and
costs, and decreed that the mortgaged premises be sold
to satisfy that amount. This was all that the judgment
embraced. The decree was signed by the judge of the
superior court in which the action was pending, and
was entered on the twenty-seventh day of November,
1893. Findings were waived.

On the fifteenth day of August, 1895, more than a
year and a half after the entry of said judgment,
plaintiff's attorneys served upon defendants and their
attorneys a notice that on the thirtieth day of Septem-
ber, 1895, or as soon thereafter as a hearing could be
had, they would move the court "on all the papers on
file in this action, and the records of said case," for
leave to amend the said judgment entered on the 28th
of November, 1893, so that it should read in accordance
with the form of judgment annexed to said notice, and

marked " Exhibit A." This notice was accompanied by an affidavit of one of plaintiff's attorneys, the substantial part of which is as follows: "That judgment in said action was inadvertently entered, failing to comply with the decision of the court in this action in this: That said decree did not provide for the payment of the principal or interest thereafter to become due on the note sued upon in this action; that by inadvertence the clerk was allowed to enter said defective judgment; that the defect in said judgment was not noticed by the plaintiff's attorneys until May, 1895"; and that the pressure of business, etc., had prevented the discovery of the defect of the judgment. This motion was opposed by the defendant; and on the hearing of the motion, against the objection of defendants, there was introduced a paper indorsed "opinion," signed by the said judge of the court, in which it is said: " In this action plaintiff is entitled to judgment only for the interest on the mortgage note now due and unpaid. I am satisfied that under the wording of the note and mortgage, which are to be construed together, that section 728 should govern the foreclosure proceedings, and that the rule as laid down in the cases of *Bank of San Luis Obispo* v. *Johnson*, 53 Cal. 99, and *Yoakam* v. *White*, 97 Cal. 286, should apply. Attorney's fee, 100." This paper was not marked "filed," and there was no evidence that it ever was in the possession of the clerk of the court, and no evidence as to where it was obtained. After the hearing of the motion, the court made an order as follows: "It is ordered that the judgment entered in this action on the twenty-eighth day of November, 1893, be amended to read as set forth in said notice of motion, and that the same be entered as of date the twenty-eighth day of November, 1893." This order was dated December 17, 1895, and the judgment prepared by counsel for plaintiff, and annexed to his said notice of motion, was then entered. This judgment then so entered differed slightly from the first judgment in the amount found due, and then proceeded at length to provide that

when at any time thereafter any installment of interest
secured by the note should become due, and also when-
ever the principal should become due, that an order be
made for the sale of the residue of the mortgaged prem-
ises not theretofore sold, etc.

It is quite clear that the court had no jurisdiction to
enter this second judgment.   The failure to enter such
a judgment as the plaintiff desired in the first instance,
in 1893, was not the result of any inadvertence, or the
misprision of the clerk.   The case does not come within
any of the authorities cited, which hold that, where the
clerk has failed to enter the judgment ordered by the
court, or has failed to enter any judgment after a de-
cision rendered by the court, and the record shows what
judgment should have been entered, there such a judg-
ment may be entered as will conform to the actual de-
cision of the court.   In the case at bar, it is not neces-
sary to inquire whether the paper marked "opinion"
was properly allowed in evidence, or what the meaning
of that paper is.   The decree, as entered in 1893, was
*signed by the judge,* and, under any view, it was his last
direction to the clerk, and was the decision of the case.
It has been held that it is unnecessary for a judge to
sign a judgment, although it has been the almost in-
variable custom in this state for decrees in equity to be
so signed; but, where the judge does sign the decree,
his signature, as was said in *Estate of Cook,* 77 Cal. 227,
11 Am. St. Rep. 267, is intended "to give the clerk a
surer means of correctly entering what has been ad-
judged."   In this case, therefore, the judgment was en-
tered by the clerk exactly as the court ordered it to be
entered, in the surest way in which the judge could ex-
press his intention.   There was, therefore, no mistake
or misprision of the clerk; and, if there was any error
committed in rendering the judgment, it was a judicial
error which could be remedied only by appeal or motion
for a new trial.   To allow a judgment to be radically
changed on mere motion, a year and a half after it had
been entered, for no other reason than that contended

for in the case at bar, would be to destroy that certainty and stability which are the main characteristics of final judgments.

The judgment appealed from is reversed.

TEMPLE, J., and HENSHAW, J., concurred.