[Civ. No. 830. Second Appellate District.—August 27, 1910.]

MARIE FORRESTER, Respondent, v. OSCAR LAWLER, Appellant.

AMENDMENT OF JUDGMENT OF DISMISSAL—FAILURE TO CONFORM TO ORDER—JUDICIAL ERROR—LAPSE OF TIME—SUMMARY ORDER.—A judgment signed by the judge and duly entered by the clerk, dismissing an action, and reciting that it was entered by consent of the parties, but failing to conform to the order of dismissal, in omitting to state that the action was dismissed without prejudice, is a judicial error, which cannot be corrected by a summary order of amendment, made after the lapse of six months, and without a motion for a new trial.

ID.—POWER OF COURT TO ALLOW AMENDMENTS TO JUDGMENTS AT ANY TIME.—The court has power to allow amendments to judgments regardless of the lapse of time, where the record as entered by the clerk fails to conform to the judgment rendered by the court. The court has the inherent right and power at any time to cause its acts and proceedings to be correctly set forth in its records.

ID.—ABSENCE OF SUMMARY POWER—JUDICIAL ERROR.—Judicial error cannot be summarily corrected at any time, and the court cannot, under the pretense of an amendment of its record, revise a judgment which it has in fact rendered, after the right to correct it in any form has become final.

ID.—JUDICIAL ACT OF COURT—FINALITY OF JUDGMENT.—In the case at bar the rendition of the judgment which it was sought to amend after the lapse of six months was the judicial act of the court attested by the signature of its judge, which the court, had no power to correct by the amendment ordered after the lapse of six months from its entry. It could not be corrected by the summary order from which the appeal is prosecuted.

ID.—ERROR OF LAW COMMITTED AT TRIAL—REMEDY BY MOTION FOR NEW TRIAL.—An error of law committed at the trial should be remedied on motion for a new trial.

APPEAL from an order of the Superior Court of Los Angeles County granting a motion to amend a judgment. W. P. James, Judge.

The facts are stated in the opinion of the court.

Lon K. Wisehart, Carroll Allen, and Henry S. Van Dyke, for Appellant.

A. J. Green, for Respondent.

SHAW, J.—This is an appeal from an order granting a motion to amend a judgment theretofore rendered and entered.

Upon a hearing had on February 28, 1908, of defendant's motion to dismiss the action for want of prosecution the court, as disclosed by the minute entry of the clerk, ordered the cause dismissed without prejudice. Thereafter, on August 26, 1908, the court rendered judgment wherein it was recited that the dismissal was by consent of parties and omitted to state that such dismissal was without prejudice. This judg-

ment was signed by the judge of the court and duly entered
by the clerk on August 28, 1908.

Thereafter, more than six months having elapsed from the
rendition and entry of such judgment, plaintiff, pursuant to
notice thereof, made a motion to have the same amended, the
ground therefor being that the judgment so rendered did not
conform to the order of dismissal made February 28, 1908, as
shown by the minute entry of the clerk, in that it omitted to
state that such dismissal was had without prejudice and re-
cited that it was made by agreement of the parties. This
motion was based upon the records and files in the action and
upon certain affidavits presented. At the hearing thereof the
court granted the motion, and on March 22, 1909, ordered
the judgment amended in accordance with the form and sub-
stance of a proposed judgment, copy of which was attached
to the notice of motion and served upon defendant.

The court erred in granting this motion and in making the
order from which defendant appeals.

No doubt exists as to the power of the court to allow amend-
ments, regardless of the lapse of time, where the record as
entered by the clerk fails to conform to the judgment ren-
dered by the court. (Freeman on Judgments, sec. 70; *Egan
v. Egan,* 90 Cal. 15, [27 Pac. 22] ; *City and County v. Brown,*
153 Cal. 644, [96 Pac. 281] ; *Williams v. Hayes,* 68 Wis. 248,
[32 N. W. 44].) That judicial errors committed by the
courts in the rendition of judgments cannot be thus sum-
marily corrected is equally well settled. (*Brackett v. Bane-
gas,* 99 Cal. 623, [34 Pac. 344] ; *Jacks v. Baldez,* 97 Cal. 91,
[31 Pac. 899] ; *Blondeau v. Snyder,* 95 Cal. 521, [31 Pac.
591].) While the court has the inherent right and power at
any time to cause its acts and proceedings to be correctly set
forth in its records, it cannot, under the pretense of the form
of an amendment of its record, thus correct or revise a judg-
ment which it has in fact rendered. (*Kaufman v. Shain,* 111
Cal. 16, [52 Am. St. Rep. 139, 43 Pac. 393].) In the case at
bar the rendition of the judgment which it was sought to
amend was the judicial act of the court. Attached thereto
was the signature of the judge of the court. As thus solemnly
attested it was duly entered by the clerk. "To entitle a party
to an order amending a judgment, order, or decree, he must
establish that the entry as made does not conform to what

the court ordered." (Freeman on Judgments, sec. 70.) Respondent does not claim that there was any mistake on the part of the clerk in entering the judgment, but contends that the court erred by reason of the fact that the judgment rendered fails to conform to the order upon which it was based. If so, it was a judicial error, as to which the court had no power to correct by the amendment ordered. As said in *Egan* v. *Egan,* 90 Cal. 15, [27 Pac. 22] : "If it should be admitted that the court ought to have included the provisions of this stipulation in its decree, its failure to do so was an error resulting either from a misconception of the law applicable to the facts before it, or from a failure to give sufficient consideration to those facts. In either case it was an error of law committed at the trial, which the defendant should have sought to remedy through her motion for a new trial." So in the case at bar. If it be true that the court should in its rendition of judgment have followed the order of dismissal, its failure so to do was an error, but whether due to fraud, inadvertence, want of sufficient consideration of the order, or other cause, it was nevertheless an error of law which could not be corrected by the summary order from which this appeal is prosecuted.

The order appealed from is, therefore, reversed.

Allen, P. J., and James, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on September 26, 1910, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 27, 1910.