[Civ. No. 4930. First Appellate District, Division One.—September 19, 1924.]

## HARRY G. McKANNAY, Respondent, v. MARY E. McKANNAY, Appellant.

[1] JUDGMENTS—CLERICAL ERRORS OR MISPRISIONS—CORRECTION OF—JURISDICTION.—A court of general jurisdiction has the right, regardless of lapse of time, to amend or correct clerical errors or misprisions in its records so that its records shall conform to and speak the truth.

[2] ID.—FINDINGS—JUDICIAL ERROR—CORRECTION AFTER JUDGMENT.—Judicial errors committed by the court in the rendition of its findings and judgments cannot be summarily corrected after the entry of the judgment; in other words, where the decision or judgment is wrong in law the error upon which the decision or judgment rests cannot, after the entry of judgment, be reviewed and rectified by the court, summarily or on motion, but can be remedied only by granting a new trial or on appeal.

[3] ID.—DIVORCE—FINDINGS—OMISSION OF WORD "MATERIAL"—CORRECTION AFTER JUDGMENT.—Findings in a divorce action that all of the material allegations of certain subdivisions of a paragraph of the amended complaint were true and that none of the material allegations of paragraph V of the cross-complaint were true, could not, after entry of the interlocutory decree of divorce, be corrected on motion by omitting the word "material" therefrom, where the inclusion of such word in the findings rendered the decision of the court insufficient in law to support the judgment, and the error sought to be corrected was not a clerical one, as stated in the order granting said motion, but was a judicial error that could be rectified, after the entry of judgment, only by granting a new trial or on appeal.

[4] ID.—JUDICIAL—ACT AND RECORD THEREOF—DISTINCTION.—There is a plain distinction between the judicial act and the record of it, the latter being purely ministerial in its character and involving no element of judicial discretion, and hence in the latter case the court has the inherent power, at any time, to make its record speak the truth,—that is, to have its records correctly reflect the judicial act.

[5] ID. — ORDER CORRECTING FINDINGS — STATEMENT OF NATURE OF ERROR—EFFECT OF.—The fact that the trial court declared, in an order attempting to correct findings by omitting a certain word,

---

1. Amendment of judgments, notes, 12 Am. Dec. 351; 62 Am. St. Rep. 233. See, also, 14 Cal. Jur. 995, 998; 15 R. C. L. 679.

2. See 14 Cal. Jur. 999; 15 R. C. L. 673.

that the error sought to be corrected was a clerical misprision does not help to uphold the validity of such order where the situation upon its face shows that the error was nothing of the sort.

[6] Id.— Inadvertence — Correction of Error. — The fact that the court may have committed a judicial error through inadvertence and oversight does not give it the right to summarily correct such error.

[7] Id.—Findings—Correction—Rights of Parties.—An order, made after judgment, attempting to correct findings by omitting a certain word was void where the plain effect thereof was to change and to enlarge upon the findings in such a manner as to vary the rights of the parties as they were fixed by the original decision.

APPEAL from an order of the Superior Court of the City and County of San Francisco correcting findings after judgment. Warren V. Tryon, Judge Presiding. Reversed.

The facts are stated in the opinion of the court.

Sawyer & Sawyer and Annette A. Adams for Appellant.

Theodore J. Savage for Respondent.

KNIGHT, J.—Action for divorce. The defendant Mary E. McKannay appeals from an order altering findings, made after the entry of an interlocutory judgment. The amended complaint was in two counts, each count being based upon a separate ground of divorce, viz., extreme cruelty and desertion. The second cause of action was dismissed by plaintiff during trial. The charge of extreme cruelty was embodied in paragraph V of the first cause of action and was made up of thirty-four specific acts of alleged cruelty, which were separately stated. Defendant answering the first cause of action specifically denied all of the alleged acts of cruelty and set forth four separate defenses, the first three of which related to the statute of limitations. The fourth separate defense charged matters of recrimination, including desertion on the part of plaintiff. It also set forth the circumstances concerning the helpless condition of one of the two minor children, the issue of said marriage, and the circumstances of her necessities. Said defendant also made denial of the allegations of the second cause of action and by reference urged the four separate defenses already mentioned. During the

trial defendant amended her answer by adding thereto the
defense of condonation, and a cross-complaint in which, in
paragraph V thereof, she charged plaintiff with desertion.
It was stipulated that the cross-complaint be deemed denied
for all purposes.

The court in its decision, which contained findings of fact
and conclusions of law, besides finding upon jurisdictional
matters and upon the allegations concerning the community
property, found "that all of the material allegations of plain-
tiff's amended complaint set forth in the following specifica-
tions of paragraph V thereof are true, namely: Specifications
1, 2, 3, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20,
22, 23, 24, 26, 27, 28, 29 and 34." The court then goes on
to find that the plaintiff's first cause of action was not
barred by the statute of limitations, and, continuing, finds
"that none of the material allegations contained in the
second further and separate defense of defendant in her
said answer are true. Plaintiff did not voluntarily separate
himself from the defendant on or about the 12th day of
December, 1920, without cause or against the will of de-
fendant. That none of the material allegations set forth in
the further and separate defense of defendant to plaintiff's
second count or cause of action are true. That none of the
allegations set forth in the defendant's amendment to her
answer to plaintiff's first cause of action are true. That
none of the material allegations set forth in defendant's
amendment to her answer to plaintiff's second count or cause
of action are true. That none of the material allegations set
forth in paragraph V of defendant's cross-complaint against
plaintiff for divorce are true." Concluding, the court made
findings regarding the custody of said children, their sup-
port and maintenance.

The entry of an interlocutory decree followed in accord-
ance with said decision and notice of the entry of said
judgment was served upon defendant. Thereafter defendant
served notice of intention to move for a new trial, but before
said motion was ruled upon plaintiff served "notice of mo-
tion for order correcting mistakes, clerical misprisions and
omissions in finding as filed so as to make the record conform
to the actual facts and speak the truth." The particular
corrections sought to be made were to strike out the word

"material" in the five different places in which it appeared in the findings. Plaintiff's motion came on for hearing the next day after notice thereof had been given to defendant, and, over defendant's objections, was granted. The denial of defendant's motion for a new trial followed. It is asserted by defendant, in her brief, without denial by plaintiff, that said corrections were made by crossing out in ink upon the face of said findings the word "material" in each of the five places wherein it appeared.

Although the court doubtless intended to find upon all special defenses set forth 'in defendant's answer, an analysis of the findings shows that it found upon the defenses relating to the statute of limitations and condonation, and upon only one of the many allegations of the fourth separate defense. The latter finding is of little, if any, value, however, and consequently all of the allegations of the fourth separate defense to the first cause of action which fill some four pages of the printed transcript are without findings. The result is that the word "material" was used vitally in the findings in only two particulars; first, wherein it was used concerning the allegations of cruelty in paragraph V of the amended complaint; and, secondly, wherein it was used concerning the allegations of desertion in paragraph V of the cross-complaint. We shall therefore confine ourselves herein to its use in the two vital particulars above mentioned.

[1] That a court of general jurisdiction has the right, regardless of lapse of time, to amend or correct clerical errors or misprisions in its records so that its records shall conform to and speak the truth, cannot be questioned. (Freeman on Judgments, sec. 70; *City and County of San Francisco* v. *Brown,* 153 Cal. 644 [96 Pac. 281]; *Crim* v. *Kessing,* 89 Cal. 478 [23 Am. St. Rep. 491, 26 Pac. 1074].) The power of the court in this regard is frequently exercised where the clerk fails to correctly or fully set forth in the record the order or judgment rendered. (*Halpern* v. *Superior Court,* 190 Cal. 384 [212 Pac. 916]; *Brush* v. *Pacific Elec. Ry. Co.,* 58 Cal. App. 501 [208 Pac. 997]; *Gulf Mail Steamship Co.* v. *W. A. Hammond Steamship Co.,* 67 Cal. App. 420, 424 [227 Pac. 938, 940]; *Crawford* v. *Meadow,* 55 Cal. App. 4 [203 Pac. 428]; 14 Cal. Jur.

995, sec. 72.) The rule of correction is also extended to cover cases where clerical error or misprision is committed by the court. (14 Cal. Jur. 995, sec. 72; *Bemerly* v. *Woodward*, 124 Cal. 568 [57 Pac. 561]; *Fallon* v. *Brittan*, 84 Cal. 511 [24 Pac. 381].)

[2] But it is equally well settled that judicial errors committed by the court in the rendition of its findings and judgments cannot be thus summarily corrected after the entry of the judgment. In other words, where the decision or judgment is wrong in law the error upon which the decision or judgment rests cannot, after the entry of judgment, be reviewed and rectified by the court, summarily or on motion (23 Cyc. 866), but can be remedied only by granting a new trial or on appeal. (*O'Brien* v. *O'Brien*, 124 Cal. 422 [57 Pac. 225]; *Egan* v. *Egan*, 90 Cal. 15 [27 Pac. 22]; *First Nat. Bank of Fresno* v. *Dusy*, 110 Cal. 69 [42 Pac. 476]; *Byrne* v. *Hoag*, 116 Cal. 1 [47 Pac. 775]; *Forrester* v. *Lawler*, 14 Cal. App. 171 [111 Pac. 284]; *Mann* v. *Mann*, 6 Cal. App. 610 [92 Pac. 710]; *Estate of Potter*, 141 Cal. 424 [75 Pac. 850].) [3] We are convinced that the error sought to be corrected by the order appealed from here was not a clerical one, as stated in said order, but was clearly a judicial error that could be rectified, after the entry of judgment, only by granting a new trial or on appeal.

In the case of *O'Brien* v. *O'Brien, supra,* the findings were insufficient in law because the court failed to find upon the issue of alimony. It was held on appeal that the error was a judicial one that could not be corrected by an order *nunc pro tunc,* but only by motion for new trial or on appeal. In *First Nat. Bank of Fresno* v. *Dusy, supra,* which was a foreclosure proceedings, the findings and decree were against law because the court omitted to provide therein for the disposition of the stock pledged as security for the debt. The error was held to be a judicial one, subject to correction only by new trial or on appeal. In *Egan* v. *Egan, supra,* the decree was invalid in law for the reason that it contained no adjudication of the property rights, which had been stipulated to by the parties. It was held that the error was not a clerical one, but a judicial one, which rendered the decree legally defective and that judicial error thus com-

mitted could be corrected only by an order granting a new trial or on appeal. Again, an oversight on the part of the court to render its judgment of dismissal "without prejudice," in accordance with the stipulation of the parties was likewise held to be a judicial error, and could not be corrected summarily or on motion. (*Forrester* v. *Lawler, supra.*)

By virtue of sections 632 and 633 of the Code of Civil Procedure the court, in the case at bar, was called upon to render its decision in writing containing its findings of fact upon all controverted material allegations of fact set forth in the amended complaint and in the cross-complaint. This it attempted to do by finding "that all of the *material* allegations" of certain subdivisions of paragraph V of the amended complaint were true and that "none of the *material* allegations of paragraph V of the cross complaint were true." (Emphasis ours.) The function of the court in thus passing upon the questions of fact manifestly involved the exercise of judicial consideration and discretion and the court's decisions thereon constituted purely judicial acts. There was nothing ministerial or clerical about it. There were, however, many separate allegations of fact contained in those subdivisions of paragraph V of the amended complaint, which cover about fourteen pages of the printed transcript; and there were also several independent allegations of facts contained in paragraph V of the cross-complaint. The use of the word "material" in the findings made it impossible to determine, from the court decision, which of those numerous allegations of the amended complaint and of the cross-complaint the court deemed material. For that reason the findings were wholly insufficient in law to support the judgment (*Turner* v. *Turner,* 187 Cal. 632 [203 Pac. 109]; *Holt Mfg. Co.* v. *Collins,* 154 Cal. 265 [97 Pac. 516]; *Stampfli* v. *Stampfli,* 53 Cal. App. 126 [199 Pac. 829]; *Musselman* v. *Musselman,* 140 Cal. 197 [73 Pac. 824]; *Krug* v. *F. A. Lux Brewing Co.,* 129 Cal. 322 [61 Pac. 1125]; *Cassidy* v. *Cassidy,* 63 Cal. 352). In other words, the decision as rendered was legally wrong, and being legally wrong, the judicial error responsible for the invalidation thereof could not be corrected, after the entry of judgment, summarily or on motion, but only by granting a new trial

or on appeal. It seems idle for respondent to try to justify the correction upon the ground that the error was a clerical one and to contend that the court by making the order in question was merely exercising its power toward making its records speak the truth, in view of the fact that the findings, as already pointed out, did not purport to be, nor were they in fact, a record of any other judicial act. They were, in themselves, the judicial act. "The decision of the court referred to in sections 632 and 633 of the Code of Civil Procedure, when filed, amounts in law to a rendition of judgment. (*San Joaquin etc. Co.* v. *West,* 99 Cal. 345 [33 Pac. 928].) 'The rendition of a judgment is a judicial act. Its entering upon the record is merely ministerial.' " (*First Nat. Bank of Fresno* v. *Dusy, supra.*) [4] There is a plain distinction between the judicial act and the record of it, the latter being purely ministerial in its character and involving no element of judicial discretion, and hence in the latter case the court has the inherent power, at any time, to make its record speak the truth, that is, to have its records correctly reflect the judicial act. (14 Cal. Jur. 933, sec. 71.) [5] The fact that the trial court declared, in the order appealed from, that the error sought to be corrected was a clerical misprision does not help matters for the simple reason that the situation upon its face shows that the error was nothing of the sort. In *Forrester* v. *Lawler, supra,* it is said: "While the court has the inherent right and power at any time to cause its acts and proceedings to be correctly set forth in its records, it cannot, under the pretense of a form of an amendment of its record, thus correct or revise a judgment which it has in fact rendered." (*Kaufman* v. *Shain,* 111 Cal. 16 [52 Am. St. Rep. 139, 43 Pac. 393].) [6] Neither does the fact that the court may have committed a judicial error through inadvertence and oversight give it the right to summarily correct such error. In this respect, counsel for respondent in their brief, say: "It is also fair to assume that if the learned judge had noticed this word in the proposed findings he would not have signed them, for the whole profession, and more especially the judges, are quite familiar with the case of *Holt Mfg. Co.* v. *Collins,* 154 Cal. 265 [97 Pac. 516], and similar cases." Conceding that statement to be true, the complete answer to

it is found in *Forrester* v. *Lawler, supra:* "It is said in the
case of *Egan* v. *Egan,* 90 Cal. 15 [27 Pac. 22], 'If it should
be admitted that the court ought to have included the pro-
visions of this stipulation in its decree, its failure to do
so was an error resulting either from a misconception of the
law applicable to the facts before it or from failure to give
sufficient consideration to those facts. In either case it was
an error of law committed at the trial which the defendant
should have sought to remedy through her motion for a new
trial.' So in the case at bar, if it be true that the court
should in the rendition of judgment have followed the order
of dismissal, the failure to do so was error, but whether due
to fraud, inadvertence, want of sufficient consideration of the
order or other cause, it was nevertheless an error of law
which could not be corrected by summary order from which
this appeal is prosecuted." (See, also, *Forquer* v. *Forquer,*
19 Ill. 71, cited and approved in *First Nat. Bank of Fresno*
v. *Dusy, supra.*)

[7] Furthermore, we are of the opinion that the order
appealed from is void for the additional reason that the plain
effect thereof was to change and to enlarge upon the findings
in such a manner as to vary the rights of the parties as they
were fixed by the original decision. (*Hole* v. *Takekawa,*
165 Cal. 372 [132 Pac. 445]; *Hawxhurst* v. *Rathgeb,* 119
Cal. 531 [63 Am. St. Rep. 142, 51 Pac. 846]; *Knowlton* v.
*McKenzie,* 110 Cal. 183 [42 Pac. 580]; *County of Los An-
geles* v. *Lankershim,* 110 Cal. 524 [35 Pac. 153, 556]; *Pico*
v. *Sepulveda,* 66 Cal. 336 [5 Pac. 515].)

As heretofore stated, the inclusion of the word "material"
in the findings rendered the decision of the court insufficient
in law to support the judgment. If the order appealed from
was not made for the very purpose of correcting the judicial
error in said decision, the only other implication arising
from the act of striking out said word is that the court, as
an afterthought, changed its views concerning the materi-
ality or the truth of those allegations which it had pre-
viously deemed immaterial, and again sought to exercise its
judicial power by making new and additional findings as to
the materiality or truth of those allegations. The decision
of the court was thereby modified and enlarged to the ex-
tent of curing a fatal defect therein. The consequence was

that appellant's motion for a new trial was rendered valueless. In view of this situation it is manifest that respondent's contention that said correction did not vary the rights of the parties is entirely without merit.

The order appealed from is reversed.

Tyler, P. J., and St. Sure, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 18, 1924, and a petition by respondent to have the cause heard in the supreme court, after judgment ·in the district court of appeal, was denied by the supreme court on November 17, 1924.