[Civ. No. 497. Fourth Appellate District.—May 28, 1931.]

ZAIDA GURY, Respondent, v. CHESTER GURY, Appellant.

Marion P. Betty for Appellant.

Ida May Adams and James R. Jaffray for Respondent.

MARKS, J.—Plaintiff filed her action in the court below for divorce on the grounds of cruelty. She sought the custody of the two minor children of the parties, a daughter, Eileen, of the age of about six years, and a son, David, of the age of about three years, and asked for a division of the community property and for alimony and money with which to support the minor children. Defendant filed a cross-complaint seeking a divorce on the grounds of cruelty, asking custody of the minor children and a division of the community property in accordance with an agreement executed between the parties after the filing of the original complaint and before the filing of the cross-complaint. Plaintiff filed a supplemental complaint in which she sought to have the contract dividing the community property and agreeing that the custody of children ultimately be given to defendant, set aside and annulled.

After a trial lasting a number of days the court found in favor of plaintiff on her allegation of cruelty; that the property settlement was a fair, just and equitable division of the property of the parties; that the plaintiff was not, and that the defendant was, a fit and proper person to have the custody of the children and that such custody be awarded to plaintiff.

Findings of fact and conclusions of law were signed and filed on the second day of July, 1928, as was an interlocutory decree of divorce. No motion for a new trial was made and no appeal taken from this interlocutory decree.

On July 13, 1928, plaintiff served a notice of motion, notifying the defendant that on July 19, 1928, she would move the trial court "for an order modifying the interlocutory decree and judgment of divorce heretofore signed and entered in the above entitled matter", and further that she would also move the court "for an order sustaining the objection of plaintiff and cross-defendant to the findings

of fact heretofore signed and filed in the above entitled matter".

Upon the hearing of the motion, the trial court ordered amended findings of fact and conclusions of law as well as an amended interlocutory decree of divorce prepared. These were signed and filed on August 13, 1928. Defendant has prosecuted this appeal from this amended interlocutory decree.

In the amended findings of fact there was stricken out of the original findings, the finding that the plaintiff was not a fit and proper person to have the care, custody and control of the childern of the parties, and in the amended findings the court found that both the plaintiff and defendant were fit persons to have this right given to them. It further found that the custody of David Gury should be awarded to the plaintiff and the custody ·of Eileen Gury to the defendant. It further found that the defendant should pay to the plaintiff $30 per month for the support of David. The amended interlocutory decree of divorce followed the amended findings of fact and conclusions of law in making the changes above indicated. In all other respects the amended findings and the amended interlocutory decree followed the provisions of the original documents. Both the original findings and the amended findings commence as follows: "This cause came on for trial on the 8th day of June, 1928, in Dept. 38 of the above named Court, before the Hon. W. D. McConnell, Judge, and was regularly tried and continued from day to day and was concluded on June 13th, 1928; plaintiff and cross-defendant and defendant and cross-complainant both being present in Court and represented by respective counsel, Goodwin E. Knight, Esq., for plaintiff and cross-defendant, and Marion P. Betty, Esq., for defendant and cross-complainant. Evidence both oral and documentary, having been produced and the Court being fully advised in the premises, makes its Findings of Fact and Conclusions of Law as follows:"

The interlocutory decree and the amended interlocutory decree also both commence as follows: "This cause came on for trial on the 8th day of June, 1928, in Department 38 in the above named Court, before the Hon. W. D. McConnell, Judge, and was regularly tried and continued from day to day and was concluded on June 13th, 1928; plain-

tiff and cross-defendant and defendant and cross-complainant both being present in court, and represented by respective counsel, Goodwin E. Knight, Esq., for plaintiff and cross-defendant, and Marion P. Betty, for defendant and cross-complainant, evidence, both oral and documentary, having been introduced and the court being fully advised in the premises, the cause having been submitted, and the court having rendered, made, and filed its decision in writing herein, consisting of findings of fact and conclusions of law; Now, therefore, in accordance therewith, it is ordered, adjudged and decreed,''

The sole question to be decided upon this appeal is whether or not the trial court had the authority to amend the findings of fact and conclusions of law and the interlocutory decree of divorce in the manner indicated without a motion for a new trial, an appeal, or a proceeding to correct them under the provisions of section 473 of the Code of Civil Procedure.

The questions decided in the case of *O'Brien* v. *O'Brien,* 124 Cal. 422 [57 Pac. 225], were very similar to the ones presented in the record before us. In the O'Brien case the trial judge in a memorandum decision filed at the close of the trial stated: ''That said defendant has been guilty of such acts of cruelty toward plaintiff as entitled her to a divorce on the ground of extreme cruelty, and the court so orders. The question of alimony and counsel fees is reserved for further consideration.''

When the finding of fact and judgment were filed in the O'Brien case no provision was made for alimony or counsel fees for the plaintiff. Some time after the entry of judgment the plaintiff moved the trial court to modify the judgment, which motion was granted. In deciding the case the Supreme Court said:

''Nothing further appears until on February 18, 1897, when the court made an order amending the decree of July 25, 1895, *nunc pro tunc,* by inserting at the end thereof the following: 'It is ordered that the question of alimony and counsel fees be reserved for further consideration,' on the ground that the omission of this reservation 'was the result of clerical misprision and error, and that the amendment thereof would be in furtherance of justice.' The appeal is from this order. . . . The principal question

is whether the court had the power to amend the judgment. It was said in *Egan* v. *Egan,* 90 Cal. 21 [27 Pac. 24]: 'Courts have the power at all times to allow amendments to judgments for the purpose of having the judgment as entered express that which was rendered, so that the record will contain the actual decision of the court. Where the clerk fails to enter judgment as it is pronounced, the court has always the power to correct the matter and order the proper entry to be made. Clerical misprisions can be corrected at any time by an order of the court, but judicial errors can be remedied only through a motion for a new trial, or on appeal.' (See, also, *First Nat. Bank* v. *Dusy,* 110 Cal. 69 [42 Pac. 476]; *Byrne* v. *Hoag,* 116 Cal. 1 [47 Pac. 775].) We think from the evidence upon which the order here in question was made it clearly appears that the decree entered July 25th, as signed by the judge, was his last direction to the clerk and was the decision in the case, and there was no mistake or misprision of the clerk; if error was committed in rendering the judgment, it was a judicial error which could be remedied only by appeal or motion for a new trial. (*First Nat. Bank* v. *Dusy, supra.*) Looking to the findings of fact and conclusions of law we find them full and complete as a foundation for the decree; they are signed by the judge, as is also the decree. The complaint set forth the financial situation of defendant, and asked 'that defendant be compelled by an order of this court to make permanent provision for the support of this plaintiff, and to pay to this plaintiff alimony and counsel fees as may be meet and just in the premises'; the question of alimony was, therefore, an issue in the case. The court made no finding of fact upon this issue and the decree is silent upon the subject. This was error, as every material issue must be met by the findings. Plaintiff could have had the omission corrected before the judgment was entered by additional findings (*Condee* v. *Barton,* 62 Cal. 1; *Hayes* v. *Wetherbee,* 60 Cal. 396); or there remained the remedy of appeal or motion for new trial after the entry of judgment. (*Egan* v. *Egan, supra.*)"

In the case of *Chavez* v. *Scully,* 69 Cal. App. 633, at page 641 [232 Pac. 165, 168], the court said: " 'The consensus of judicial opinion in this state would therefore appear to be that a judgment rendered in pursuance of a stipulation,

which judgment in fact fails to follow the stipulation, cannot be corrected under the provisions of section 473 of the Code of Civil Procedure as to a material departure from stipulation, but that the only relief afforded an injured party is through the procedure of a motion for a new trial or by an appeal from the judgment.' "

The case of *County of Los Angeles* v. *Rindge,* 69 Cal. App. 72 [230 Pac. 468], is to the same effect.

In the case of *McConnville* v. *Superior Court,* 78 Cal. App. 203 [248 Pac. 553], the court said: "Not every alteration of a judgment by the court which rendered it will operate as a readjudication of the case. The authorities are clear that a change which materially affects the judgment and the rights of the parties against whom it is rendered and which involves the exercise of judicial discretion amounts to a new judgment. (*Mann* v. *Haley,* 45 Cal. 63; *Estate of Potter,* 141 Cal. 350 [74 Pac. 986].) It is equally well settled that the trial court has full jurisdiction to correct clerical errors in its judgments, even upon its own motion, and that such an amendment leaves the original judgment otherwise effective and unimpaired. (*Egan* v. *Egan,* 90 Cal. 15, 21 [27 Pac. 22]; *Homeseekers' Loan Assn.* v. *Gleason,* 133 Cal. 312 [65 Pac. 617].)

"But under either view of the matter the petitioner is, we think, precluded from the remedy sought. If the amendment be regarded as having been made to correct a mere clerical error, the first judgment stands as the final judgment of the court, and, of course, the second motion for a new trial was properly dismissed. On the other hand, if the correction was of a judicial error, the order of the court directing the amendment was a nullity; the amendment made was void and no motion for a new trial designating such an order as that sought to be set aside need be considered or heard by the trial court."

In the case of *McKannay* v. *McKannay,* 68 Cal. App. 709 [230 Pac. 218], the question of amending findings of fact after the entry of an interlocutory decree of divorce was presented to the appellate court which reached the following conclusion:

"But it is equally well settled that judicial errors committed by the court in the rendition of its findings and judgments cannot be thus summarily corrected after the

entry of the judgment. In other words, where the decision or judgment is wrong in law the error upon which the decision or judgment rests cannot, after the entry of judgment, be reviewed and rectified by the court, summarily or on motion (23 Cyc. 866), but can be remedied only by granting a new trial or on appeal (citing cases). We are convinced that the error sought to be corrected by the order appealed from here was not a clerical one, as stated in said order, but was clearly a judicial error that could be rectified, after the entry of judgment, only by granting a new trial or on appeal.

"In the case of *O'Brien* v. *O'Brien, supra,* the findings were insufficient in law because the court failed to find upon the issue of alimony. It was held on appeal that the error was a judicial one that could not be corrected by an order *nunc pro tunc,* but only by motion for new trial or on appeal. In *First Nat. Bank of Fresno* v. *Dusy, supra,* which was a foreclosure proceeding, the findings and decree were against law because the court omitted to provide therein for the disposition of the stock pledged as security for the debt. The error was held to be a judicial one, subject to correction only by new trial or on appeal. In *Egan* v. *Egan, supra,* the decree was invalid in law for the reason that it contained no adjudication of the property rights, which had been stipulated to by the parties. It was held that the error was not a clerical one, but a judicial one, which rendered the decree defective and that judicial error thus committed could be corrected only by an order granting a new trial or on appeal. Again, an oversight on the part of the court to render its judgment of dismissal 'without prejudice' in accordance with the stipulation of the parties was likewise held to be a judicial error, and could not be corrected summarily or on motion." (*Forrester* v. *Lawler,* 14 Cal. App. 171 [111 Pac. 284].)

Under the rules clearly laid down in the foregoing decisions we have reached the conclusion that the errors sought to be corrected by the plaintiff through her motion to modify the findings and judgment were not clerical but were judicial and that therefore, they could not be corrected under the procedure adopted by her. The question of the fitness of both parties to have the custody of the children, as well as the question of the division of the com-

munity property of the parties and support for the children were directly presented by the pleadings. There was much evidence offered in support of these allegations of the pleadings and if the witnesses of the defendant were to be believed, the finding that the plaintiff was not a fit person to have the custody of either or both of the children finds support in the evidence. The question of what order should be made for the custody of the children was also directly submitted to the trial court. Both these questions were decided by him and settled by the original findings and the judgment. Any mistake he made in his decision was an error of law and not a clerical error. This error of law could be reached only by a motion for a new trial or by an appeal.

Of course the question of the custody of the children may be presented to the trial court both before and after an interlocutory decree of divorce. The plaintiff may still attempt to gain the custody of either or both the children in a proper proceeding instituted under the provisions of section 138 of the Civil Code.

It follows from what we have said that the trial court was without authority to make the amended findings of fact and conclusions of law and the amended interlocutory decree of divorce from which this appeal is taken. The original findings of fact and conclusions of law and interlocutory decree of divorce signed and filed July 2, 1928, must be held to be the only findings of fact, conclusions of law, and interlocutory decree of divorce in this case.

The amended interlocutory decree of divorce filed on August 13, 1928, is reversed.

Barnard, P. J., and Jennings, J., concurred.

A petition for rehearing of this cause was denied by the District Court of Appeal on June 22, 1931.