KENYON, Respondent, *v.* GOODALL & CO., Appellants.

The loss of time, value of services, and wages of employees, caused by the failure of a party to perform his contract, are not remote, but strictly proximate and immediate damages, and ought to be allowed.

APPEAL from the Sixth Judicial District, Sacramento County.

This action was founded upon a contract, made the 27th March, 1852, between the plaintiff and defendants, in which the plaintiff contracted to sell and deliver a steam-engine to defendants, and to make another to match, with force-pump, &c. (describing the machinery); all to be done and put into full operation in the quickest time possible, by the plaintiff; the defendants to pay therefor $3200, in the manner and at the times set forth. And it was agreed that the engine then made, should be delivered by the 5th April, 1852, the whole work to be completed within twenty days from the date of the contract; and that the plaintiff should pay, as the liquidated danages, $20 for

every day's delay. The complaint then avers performance in all particulars, except that the said articles were not all completed and delivered to defendants within the stipulated time; but were all delivered on or before the 6th May, 1852, when the defendants executed to plaintiff a receipt for the same, acknowledging the full settlement of all matters of damage growing out of the delay in the premises, by which defendants waived all right to complain for the said failure, &c. The complaint then avers, that defendants have failed to comply on their part with the contract, in making payment according to its stipulations, and claiming $1200, with interest ten per cent. per month, from the 6th May, aforesaid.

The answer of defendants admits the execution of the contract set forth in the complaint, but denies that the property was delivered according to contract, and specially denies that on the 6th of May, 1852, they executed a receipt to plaintiff, acknowledging the delivery, &c., and the full settlement of all matters of damage growing out of the delay, &c., by which defendants waived all right of complaint for the said failure, and avers that if such receipt was given, it was obtained by fraud, and is false in fact, and not the act of defendants. And denies all the allegations of plaintiff, which charges failure on the part of the defendants to comply with their contract; but admits that they have not paid the sum of $1200, because of the failure of the plaintiff to perform on his part, and that, by reason of his said failure, the defendants had sustained direct damage to the amount of $1525, and consequential damage to the amount of $2000, because of the delay in getting their mill in operation, occasioned by the said failure, in the expense of hands, engineers, &c., in their salaries, until the delivery of said engine, and loss of profits during the time, and by the establishment of a rival mill proximate to defendants', which would not have been erected there, but because of said delay, &c., in all amounting to $3525, and they claim as a set-off, after deducting the $1200, the balance, to wit, $2325, for which they ask judgment, &c.

By consent of the parties, the case was referred to a referee, who found, That the plaintiff made and delivered the machinery (with some exceptions, stated in the report, not material to the

point decided in this court), which defendants received, and waived all claim for damage by reason of delay; that one of the boilers was defective, for which defendants suffered damage to the amount of $400, and reports that plaintiff is entitled to judgment against defendants for $1511 10, and interest till paid, at the rate of 10 per cent. per month.

The report then proceeds as follows: "In the above finding, the loss of time, services and wages of employees at defendants' mill, and the profits which defendants might have realized from the working of their mill, during the time occupied in repairing the defendants' boiler, and supplying the machinery which was wanting, are not estimated, because it was not deemed legally proper to consider them in the estimate of defendants' damages."

Judgment was entered by the court for the sum awarded, from which defendants appealed.

*Sanders* and *Edmonds*, for appellants.

The argument was very much confined to the facts of the case, and in the examination of the testimony, which was not considered in the opinion of the court, as to the point decided. It was contended that in cases assimilated to this, there are no fixed rules in the estimate of damages; profits are not always denied, but sometimes allowed. The loss of the use of defendants' mill, and other machinery, the fuel consumed, the delay and wages of workmen, the interest of the capital expended, &c., should be allowed. See Sedgwick on the Measure of Damages, 29, 30, 71, and 72, who refers to 3 Barb. S. C. Rep. 424. See also the Brooklyn Case, Ib. 73 to 75, and pages 85, 86, 59.

*Robinson* and *Morrison*, for respondent.

Where property sold is defective, the measure of damages is the difference in value between it, as it is in fact, and as it ought to have been. 3 Barb. 424; Sedgw. on Damages, 287, 289, 290; 2 Greenl. Ev. 266, sec. 262.

HEYDENFELDT, Justice, delivered the opinion of the court. MURRAY, Chief Justice, concurred.

The referee erred in his estimate of the damages. The loss of time, value of services, and wages of employees, caused by the failure of the respondents to perform their contract, are damages

by no means remote, but on the contrary strictly proximate and immediate.  They ought to have been considered and allowed.

The judgment is reversed, and the cause remanded.