IN RE WILLIAMS' ESTATE. WILLIAMS, RESPONDENT, *v.* DAVIS ET AL., APPELLANTS.

(No. 3,726.)

(Submitted March 23, 1916. Decided May 11, 1916.)

[157 Pac. 963.]

*Appeal and Error—Costs on Appeal—Order of Supreme Court —Jurisdiction of District Court—Taxing Costs.*

Costs on Appeal—Order of Supreme Court—Taxing Costs—District Courts —Jurisdiction.
　　1. Over an order made by the supreme court granting a new trial "at the costs of respondents," which became final upon issuance of the *remittitur,* the district court had no jurisdiction; hence a motion of respondents to tax costs was properly denied.

Appeal and Error—Taxing Costs—Nonappealable Orders.
　　2. The costs incurred become a part of the judgment, and their disposition is reviewable only on an appeal from that judgment, and not from an order taxing or refusing to tax them.

　　[As to allowance of costs and counsel fees to unsuccessful party in suit to construe will, see note in Ann. Cas. 1915C, 714.]

*Appeal from District Court, Silver Bow County, in the Second Judicial District; J. Miller Smith, Judge of the First District, presiding.*

PROCEEDING by Andrew J. Davis and another for the probate of the will of Rachel E. Williams, deceased, contested by Dorothy Alice Williams, by her guardian, Sibyl Scott. A judgment admitting the instrument to probate, and an order refusing a new trial were reversed on appeal, and a new trial ordered at the cost of proponents. From an order denying a motion to the district court to tax costs against the funds of the estate, proponents appeal. Affirmed.

Cause submitted on briefs of Counsel.

*Messrs. Shelton & Furman* and *Mr. J. A. Poore,* for Appellants.

Ordinarily, the proponent of a will is entitled to recover his costs out of the estate, whether he be successful or not, because it is his duty to present the will for probate. (40 Cyc. 1362, and cases cited.) And since it is the duty of an executor or one having possession of a paper purporting to be the last will of a decedent to produce and file the same for probate, in the event of a contest which is determined adversely to the will, he is not personally liable for costs, in the absence of a showing of bad faith. (40 Cyc. 1363; Abbott's Probate Law, secs. 657, 391.)

*Mr. J. E. Healy,* for Respondent.

Broadly speaking, parties to a will contest must bear their own costs. (Borland on Wills, sec. 89, note 48, and cases cited.) The court may not exercise its discretion as to costs or attorneys' fees in favor of the proponents where the will has not been admitted to probate. (*Henry* v. *Superior Court,* 93 Cal. 569, 29 Pac. 230; *Marrey's Estate,* 65 Cal. 287, 3 Pac. 896; *Jessup's Estate,* 80 Cal. 625, 22 Pac. 260; *McKinney's Estate,*

112 Cal. 447, 44 Pac. 743.) The costs of the first trial and second trial are properly taxable. (*Senior* v. *Anderson,* 130 Cal. 290, 62 Pac. 563; Kerr's Code Civ. Proc., sec. 1021, p. 1538.)

. MR. JUSTICE HOLLOWAY delivered the opinion of the court.

When this cause was before us on the first appeal (50 Mont. 142, 145 Pac. 957), the judgment and order were reversed, and a new trial ordered "at the cost of the respondents." When appellant presented her memorandum of costs incurred on appeal, respondents moved the district court to tax all proper costs against the funds of the estate and not against them individually, and appealed from the order denying their motion.

In determining the appeals as was done, the disposition of [1] the costs was within the discretion of this court. (Secs. 7158, 7718, Rev. Codes.) We directed that the costs of appeal be charged against the respondents. We were not requested to modify that order, and it became final when the *remittitur* issued. Over that order the district court had no jurisdiction except to enforce it. It might determine disputed items of cost (*State ex rel. Hurley* v. *District Court,* 27 Mont. 40, 69 Pac. 244), but it could not change or modify the order as made [2] by this court. The costs incurred in the district court became a part of the judgment, and their disposition is reviewable only on an appeal from that judgment. (*Ferris* v. *Mc-Nally,* 45 Mont. 20, 121 Pac. 889.)

The order is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.