The above-entitled cause was heretofore before this court on appeal from an order settling the administrator's accounts (74 Mont. 449, 241 P. 648), and the proper interpretation of our order by the district court has occasioned this appeal. Harvey L. Wood and Carrie M. Ammerman, a son and daughter of *Page 75 
the deceased, filed objections to the accounts of their brother, James G. Woods, as administrator of their mother's estate. The administrator was in consequence by order of the district court removed, but his account was approved. The objectors appealed. The district court's order approving the account of the administrator was reversed, and further proceedings directed in conformity with the decision of this court. In concluding our opinion in disposition of costs it is stated: "The appellants shall recover their costs on this appeal." On December 1, 1925, a remittitur was regularly issued from this court, which was duly received and filed the following day by the clerk of the district court. Thereafter, on December 5, 1925, the appellants now before us, being the same as on the former appeal, filed with the clerk of the district court, and regularly served, a memorandum of their costs and disbursements incurred on the appeal, totaling $651.60. On December 8, 1925, the district court regularly entered an order requiring the administrator to make and file a complete account in accordance with the decision of this court, wherein it is provided, among other things: "It is further ordered, adjudged and decreed by the court that the objectors, Harvey L. Woods and Carrie M. Ammerman, do have and recover of the said James G. Woods their costs herein incurred." Subsequent to the making of this order, on April 12, 1926, the presiding judge before whom the matter was pending, Judge B.B. Law, of the ninth judicial district, was disqualified. Notwithstanding, on July 6, 1926, at Bozeman he made a further order designated "an order amending order, and expressing true intention of the court," which was filed by the clerk of the court on July 8, 1926, wherein, after considerable in the way of recital, attempt was made to amend the court's order of December 8, 1925, in the following language: "It is now ordered that said order and decree heretofore entered, as aforesaid, be, and the same is hereby amended and corrected to read as follows: `That the objectors, Harvey L. Woods and Carrie M. Ammerman, do have and recover of the said James G. Woods, as administrator of the estate of Elizabeth Woods Jennings, their costs herein *Page 76 
incurred, payable out of the funds or other property of the estate, and not otherwise.'" The objectors have appealed from the last-mentioned order.
The only question involved on this appeal is whether the court committed error in making the amendatory order.
1. The provision of our Revised Codes applicable reads as follows: "When it is not otherwise prescribed in sections 10018 to 10464, the district court, or supreme court on appeal, may, in its discretion, order costs to be paid by any party to the proceedings, or out of the assets of the estate, as justice may require. Execution for costs may issue out of the district court." (Sec. 10372, Rev. Codes 1921.)
The language of the statute is clear enough, and easy of application. Where other provision is not made by the statutes, the district court or the supreme court is clothed with authority in the exercise of discretion to order the payment of costs by any party to a proceeding or to fix the same as a charge against an estate "as justice may require." Here the administrator was a party to the proceeding in probate making account therein in justification of his conduct in the administration of the trust. On appeal taken by the objectors from the order of the district court approving his account, this court reversed the order, disapproved items contained in the account, and directed that the objectors be awarded their costs incurred on the appeal. Such disposition is expressly warranted by the statute. After the cause had been remanded, the district court, on December 8, 1925, made an order consistent with that made by this court, to the effect that the objectors are entitled to recover from "James G. Woods their costs herein incurred." This order was directed against James G. Woods, personally, and was apparently based on the failure of the administrator to justify the course by him pursued in the conduct of the business of the estate, conforming to the views expressed in the decision by this court.
Both the district court and the supreme court are possessed of[1, 2] authority under the plain language employed in the statute, as justice may appear to require, to order such *Page 77 
costs to be paid from the assets of the estate. This was not done by either court, as the administrator was found to be at fault, and the costs were accordingly assessed against him rather than the estate. The effect of this court's order on reversal of the order appealed from was to assess the costs against the administrator personally. Over our determination thus made the district court had no jurisdiction other than to enforce it (Inre Williams' Estate, 52 Mont. 366, 157 P. 963), although it might determine disputed questions of costs (In re Williams'Estate, above; State ex rel. Hurley v. District Court,27 Mont. 40, 69 P. 244), or on final settlement of the account allow such portion of the costs incurred as a charge against the estate as justice may have appeared to require (In re Davis'Estate, 35 Mont. 273, 88 P. 957). However, by the district court's order dated December 8, 1925, requiring the administrator to file an additional account in accordance with the decision of this court, the costs incurred on the appeal were therein assessed against the respondent personally. Such judgment became final, and was thereafter subject to modification only on appeal. It is the generally accepted rule that courts have the inherent power to correct or amend their judgments so that they shall truly express that which was actually decided, where it appears from the face of the record that a clerical mistake has been made in setting forth correctly that which was in fact determined by the court. (Territory v. Clayton, 8 Mont. 1, 19 P. 293;Keene v. Welch, 8 Mont. 305, 21 P. 25; State ex rel.McHatton v. District Court, 55 Mont. 324, 176 P. 608; Stateex rel. Smith v. District Court, 55 Mont. 602, 179 P. 831;State v. Fowler, 59 Mont. 346, 196 P. 992; State Bank ofNew Salem v. Schultze, 63 Mont. 410, 209 P. 599; State exrel. Reid v. District Court, 68 Mont. 309, 218 P. 558;Stabler v. Adamson, 73 Mont. 490, 237 P. 483; OregonMortgage Co. v. Kunneke, 76 Mont. 117, 245 P. 539; St.Onge v. Blakely, 76 Mont. 1, 245 P. 532. See exhaustive note, 10 A.L.R. 526.)
However, where the judgment as rendered correctly expresses the court's decision at the time it was entered, however *Page 78 
erroneous it may be, the district court is without jurisdiction to subsequently amend or modify the judgment so as to change the substantial rights of the parties from that which was previously determined. The court cannot on a change of mind set aside or modify the judgment entered so as to alter the rights previously fixed thereby. This may be accomplished only on appeal in such a proceeding as this. (State ex rel. McHatton v. DistrictCourt, supra; State ex rel. Smith v. District Court, supra;State v. Fowler, supra; State ex rel. Reid v. DistrictCourt, supra; Stabler v. Adamson, supra; Oregon MortgageCo. v. Kunneke, supra; St. Onge v. Blakely, supra.)
As early as 1853 the rule was declared in California in the following succinct language: "If there is no record evidence to show that the judgment was different from the one entered, the latter must stand as the judgment until reversed." (Kenyon v.Goodall, 3 Cal. 257; see, also, Morrison v. Dapman, 3 Cal. 255. ) This rule has since been consistently followed and applied in California under statutory provisions like our own. (In reSkerrett, 80 Cal. 63, 22 P. 85; Leonis v. Leffingwell,126 Cal. 369, 58 P. 940; Cowdery v. London Bank, 139 Cal. 298, 96 Am. St. Rep. 115, 73 P. 196; Estate of Potter, 141 Cal. 424,75 P. 850; 11 Cal. Jur. 1090.)
Sections 9795 and 10190 of the Revised Codes of 1921 have no pertinency here. They have reference only to civil actions or independent proceedings which the administrator in his representative capacity may prosecute or defend; whereas section 10372 here applied relates entirely to proceedings in probate such as those now before us. (Estate of Olmstead, 120 Cal. 447,52 P. 804; In re Williams' Estate, supra. Here the costs were not assessed to the estate in an action wherein the administrator was a party in his representative capacity, but rather in the probate proceeding wherein he was endeavoring to justify his accounts as administrator of the estate and have them settled. He was appearing for himself, ex parte, in the probate proceedings incident to the administration of the estate, *Page 79 
in justification of the conduct of his trust, rather than in the prosecution or defense of an action involving the estate.
It follows that, since the court attempted to change the[3] judgment rendered so as to make it substantially different from the judgment originally entered, the amendment is void for want of jurisdiction on the part of the court, and the order first entered will be upheld as the court's judgment entered in the cause as respects the personal liability of the respondent to pay the costs.
This disposition of the appeal renders it unnecessary for us to decide the very serious question raised as to the jurisdiction of the presiding judge to enter the amendatory order after he had been disqualified. The district court's order entered December 8, 1925, is upheld, and the cause is remanded to the district court of Sweet Grass county, with directions to vacate and set aside the amendatory order of July 8, 1926. On this appeal the respondent personally is assessed with the appellants' costs.
Reversed and remanded.
MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS and MATTHEWS concur.
MR. JUSTICE STARK, deeming himself disqualified, takes no part in this decision. *Page 80