EDGAR STATE BANK, Appellant, *v.* LONG et al., Respondents.

(No. 6,473.)

(Submitted May 21, 1929.  Decided June 8, 1929.)

[287 Pac. 108.]

*Mr. C. C. Rowan,* for Appellant, submitted a brief and argued the cause orally.

*Mr. John G. Skinner* and *Mr. Wm. V. Beers,* for Respondent, submitted a brief.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

On October 25, 1927, after trial, plaintiff obtained judgment against the defendants. The judgment was based upon a promissory note dated May 15, 1922, in the principal sum of $2,410, payable to the order of plaintiff and executed by defendant Mary F. Long. It also foreclosed a real estate mortgage given by Mary F. Long to plaintiff as security for the payment of the note. The other defendants are lien claimants whose liens were adjudged to be inferior to that of plaintiff. Findings of fact and conclusions of law were incorporated in the judgment and an express finding made that defendant Mary F. Long had abandoned the mortgaged property, and that she is not residing thereon or making it her home.

The judgment, after fixing the amount due on the note inclusive of interest, abstract fees, attorney's fees, taxes and costs, adjudged the same to be a lien upon the mortgaged property, ordered the property sold, and contained this clause: "It is further ordered, adjudged and decreed that the purchaser or purchasers of said mortgaged premises at such sale be let into possession thereof, and any person, who, since the commencement of this action, has come into the possession under said defendant, Mary F. Long, formerly Mary F. Meyers, a widow, deliver possession thereof, *together with all rent thereon,* to such purchaser or purchasers on the production of the sheriff's certificate of sale for such premises, or any part thereof."

On August 1, 1928, defendant Mary F. Long filed notice of motion to modify the judgment by striking out the words "together with all rent thereon," as well as other portions of the judgment not here involved. On September 27, 1928, the court made an order granting the motion to modify the judg-

ment as requested. The order of the court recites: "As to the clause together with all rent thereon' it is stricken out as the court had no jurisdiction to dispose of the same as the matter was not in issue, nothing of that nature appearing anywhere in the pleadings." The appeal is from that order.

The only specification of error relied upon by plaintiff is that the court erred in striking from the judgment the words "together with all rent thereon."

It is the contention of plaintiff that, since the motion was not made before the expiration of six months after the entry of judgment, the court had lost jurisdiction to amend it because of section 9187, Revised Codes of 1921. Defendant Mary F. Long contends that the order complained of is not controlled by section 9187, and that the order modifying the judgment simply made a correction so that the judgment conforms to what was actually intended by the court, and that the court was originally without jurisdiction to insert in the judgment the words "together with all rent thereon," for the reason that this question was not before it.

It is well settled that courts have the inherent power to correct or amend judgments so that they shall truly express what was actually intended or decided by the court, where it appears from the face of the record that a clerical mistake has been made in setting forth the determination of the court. (*In re Jennings' Estate,* 79 Mont. 73, 254 Pac. 1067, and cases therein cited.) But the power of the district court to modify a judgment, fair on its face, ceases at the expiration of six months after its entry. (*State ex rel. Happel* v. *District Court,* 38 Mont. 166, 129 Am. St. Rep. 636, 35 L. R. A. (n. s.) 1098, 99 Pac. 291; *Smith* v. *McCormick,* 52 Mont. 324, 157 Pac. 1010.) Here the court had jurisdiction over the parties, of the subject matter or cause of action, of the question determined, and the relief granted.

The amended complaint contained a copy of the mortgage. The mortgage contained a clause providing that, if the mortgagor defaults in the payment of principal or interest on the note, "then all of said debt secured hereby shall become

due and collectible, and all rents and profits of said property shall then immediately accrue to the benefit of the said mortgagee." The original judgment was in conformity with this clause in the mortgage. The order of the court complained of does not correct a mere clerical mistake, but operates as a change of substantial rights adjudicated by the judgment.

The application to modify or amend the judgment was not made until more than nine months after judgment was entered. The court had then lost jurisdiction to amend or modify it. The order to the extent that it strikes from the judgment the words "together with all rent thereon" is reversed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, GALEN and FORD concur.