STATE ex rel. UNION BANK & TRUST CO., Relator, *v.*
DISTRICT COURT et al., Respondents.

(No. 7,933.)

(Submitted February 3, 1939.   Decided March 22, 1939.)

[91 Pac. (2d) 403.]

*Messrs. Gunn, Rasch, Hall & Gunn,* for Relator, submitted a brief; *Mr. M. S. Gunn* argued the cause orally.

*Mr. R. Lee Word,* for Respondents, submitted a brief and argued the cause orally.

HONORABLE ALBERT BESANCON, District Judge, sitting in place of MR. CHIEF JUSTICE JOHNSON, disqualified, delivered the opinion of the court.

The charter of the Beaverhead Ranch Company, a Montana corporation, expired by limitation on September 24, 1927, and its then directors, Lewis Penwell, C. B. Witter, H. H. Pigott, Mathias Staff and R. Lee Word, by operation of law became trustees of its assets for the benefit of its creditors and stockholders. From the above date to January, 1934, such trustees in the operation of the properties became rather heavily indebted to the Union Bank and Trust Company, a corporation, and on January 19, 1934, such trust company, under the liquidating statutes of the state, began an action in the district court of the first judicial district, county of Lewis and Clark, against the five trustees by filing a complaint and issuance of summons, and all such trustees, defendants, appeared in the action and answered, and the case at issue was heard, and after hearing, with the consent of four of such trustees, trustee R. Lee Word objecting, H. H. Pigott was appointed receiver of such defunct company, with the powers and duties prescribed in the

order of his appointment. The receiver qualified and then entered upon the discharge of such duties.

On January 17, 1938, R. Lee Word, one of the trustees and defendants in the action, filed a motion therein to abrogate the order appointing Pigott receiver, on the grounds and for the reasons stated in the motion, a copy of the motion being attached to the petition in these proceedings. On February 9, 1938, the court granted leave to submit such motion on briefs, and all of counsel were allowed time to submit their briefs. In the minutes of the court of May 23, 1938, appears the following entry: "In this action the motion of R. Lee Word to abrogate the order appointing H. H. Pigott receiver is hereby denied."

On January 12, 1939, without any notice to the plaintiff in such action, the relator herein, nor to the receiver, the judge of such court, apparently on its own motion, made the following order: "In this action the order of May 23, 1938, denying the motion of R. Lee Word to abrogate the order appointing H. H. Pigott receiver, having been inadvertently made, it is ordered that said order of May 23, 1938, be and the same is hereby expunged from the record." This last order was duly entered in the minutes, which were later approved by the court.

Writ of certiorari was issued by this court, and return made thereto. This proceeding is to review the action of the district court of Lewis and Clark county, and George W. Padbury, Jr., one of its judges, in making the order last quoted.

No contention is here made that relator has a right of appeal from such order, or any plain, speedy and adequate remedy other than certiorari, and it seems proper to assume that it has not. (*State ex rel. Hahn* v. *District Court,* 83 Mont. 400, 272 Pac. 525.) Whether or not the trial court exceeded its jurisdiction in making the order of January 12, 1939, is the question for decision here. (*State ex rel. Johnston* v. *District Court,* 93 Mont. 439, 444, 19 Pac. (2d) 220.)

Summarized, the reasons assigned in the motion to quash interposed by respondents and urged in their brief, is that the application for the writ is not made upon affidavit by, nor in behalf of, "a party beneficially interested," as required by

154

section 9838, Revised Codes of 1935. The petition for the writ is verified positively by the president of relator bank, which meets the requirements of section 9838, and was so determined by this court before the issuance of the writ. (*State ex rel. First Trust & Savings Bank* v. *District Court,* 50 Mont. 259, 146 Pac. 539.) Whether the bank, relator herein, is a "party beneficially interested," should be determined from the duly certified record, the return made. (Id., *Shaffroth* v. *Lamere,* 104 Mont. 175, 65 Pac. (2d) 610.)

It appears from the return, and not controverted, that the bank, relator herein, was the plaintiff in an action against the trustees of a defunct corporation, wherein an application was made by it and a receiver duly appointed. The proceedings originate from an order made in such action. The relator was a party to such action and could make the application. (11 C. J. 135.) *State ex rel. Examining & Trial Board* v. *Jackson,* 58 Mont. 90, 190 Pac. 295, cited by respondents, is a case where the application for the writ was made by others than a party to the original case. *State ex rel. Allen* v. *Napton,* 24 Mont. 450, 62 Pac. 686, does not support the respondents' contention; while *State ex rel. Johnston* v. *District Court,* supra, in the last paragraph on page 443, seems to concede that a party to the action or proceeding in which it is alleged that the court acted without jurisdiction, is a party beneficially interested, and proceeds to announce the rule "deducible from the authorities," wherein others may qualify as such applicants. Authorities from Wisconsin, California, New York and North Dakota are cited.

Respondents, in a well prepared and extensive brief, contend that the order appointing Pigott receiver is void. Such order was made on May 12, 1934. It was an appealable order. (Sec. 9731, Rev. Codes.) In due time trustee Word filed notice of appeal, and proceeded to perfect an appeal to this court on behalf of himself and of other trustees. Motion was filed on behalf of the plaintiff bank, this relator, to require Mr. Word to produce his authority to appear as an attorney for all such appellants. In this he failed, and this court ordered a dismissal of the appeal. (*Union Bank & Trust Co.* v. *Penwell,* 99

Mont. 255, 42 Pac. (2d) 457.) No other appeal was taken or perfected from the order appointing the receiver, and the receivership went on. On January 17, 1938, almost three years and eight months after the date of the order, the motion to abrogate the same was filed, and apparently after rather careful and lengthy consideration, this motion was denied on May 23, 1938. The validity of such order appointing the receiver is not before this court in these proceedings, and the contentions of respondents in this particular are without merit. Irrespective of such former adjudication counsel for respondents earnestly argued the invalidity of the appointment of the receiver herein, grounding his contentions on the fact that but four of the five trustees consented to or approved the appointment of the receiver. This question was fully considered and determined in the former action and is *res judicata* in this. Section 9304, Revised Codes, was complied with in the matter of appointing the receiver.

The order made May 23, 1938, denying the motion to abrogate the order appointing the receiver was itself an appealable order, under subdivision 2 of section 9731. The sixty-day period for appeal soon expired. No appeal was taken. The order expunging such last order was made on January 12, 1939. The return shows that no notice was given by the clerk to the attorneys of the making of such order of May 23d. However, the return and the briefs are silent on whether or not the attorneys or the parties had actual notice. It might be they all were indifferent to the court's order refusing to abrogate the receivership; but when the expunging order was made on January 12, 1939, someone moved quickly, for the petition for the writ here issued was filed on January 18 and the writ issued the same day. The order of May 23d was made after lengthy deliberation, briefing and consideration. The receivership continued. Valuable property rights were involved. The January court order expunged the former order made by it. Respondents' attorney calls this a purge of an inadvertent minute entry. While the words "purge" and "expunge" may have about the same meaning, because of rather

unpleasant recent events in national and international affairs, classed as "purges," we will use the same word used by the trial court.

Coming to the point as to the inherent right or power of ▬ a court to expunge matters from its own records, respondents contend that every court has such power to make its records speak the truth, and cite *State* v. *Turlock*, 76 Mont. 549, 559, 248 Pac. 169, and *State* v. *Poole*, 68 Mont. 178, 216 Pac. 798, and that if records are not correct, the court may order them corrected to speak the truth. All this is well supported by abundant authority. In the *Turlock* and *Poole Cases* the matter was brought up on motion to correct the minutes. This court there approved a motion and notice as the better practice in making any corrections in court records. However, the situation here arising is easily distinguished. It is not a question here of correcting the records to conform with what was actually done, but it is to expunge, eliminate, what had been done and, as here, without notice. 15 C. J., page 975, announces the general rule as follows: "In case of an omission or error in the record, the power exists in the court to amend such record so that it shall conform to the actual facts and truth of the case; but a court cannot amend its record to correct a judicial error or to remedy the effect of judicial non-action." In the notes of the same volume, page 976, following the above rule, is found the following which impresses us: "The authority of a court to amend its record by a *nunc pro tunc* order is to make it speak the truth, but not to make it speak what it did not speak but ought to have spoken. (*Liddell* v. *Landau*, 87 Ark. 438, 112 S. W. 1085.)" "Errors into which the court itself falls can be corrected only by motion for a new trial or by appeal." (*Kline* v. *Murray*, 79 Mont. 530, 541, 257 Pac. 465.)

That orders made by a court through mistake, inadvertence, want of sufficient consideration, oversight or otherwise, where they affect the substantial rights of litigants, are judicial errors and cannot be corrected or removed by summary action of the court which made them, is supported by the following decisions:

*State ex rel. Smith* v. *District Court,* 55 Mont. 602, 179 Pac. 831; *Oregon Mortgage Co.* v. *Kunneke,* 76 Mont. 117, 124, 245 Pac. 539; *In re Jennings' Estate,* 79 Mont. 73, 254 Pac. 1067; *Kline* v. *Murray,* 79 Mont. 530, 541, 257 Pac. 465; *State ex rel. Reid* v. *District Court,* 68 Mont. 309, 218 Pac. 558; *Forrester* v. *Lawler,* 14 Cal. App. 171, 111 Pac. 284; *McKannay* v. *McKannay,* 68 Cal. App. 709, 230 Pac. 218, 220.

Section 9187, Revised Codes of 1935, has to do with mistake, ██ inadvertence, surprise or excusable neglect on the part of a party to the action or proceeding, and certainly does not apply to nor authorize the correction of judicial error. Anyway, more than six months had expired between the time the order sought to be expunged was made and the date of the expunging order, so that even if this section applied, the court had lost jurisdiction to act by virtue of it. (*State ex rel. Smotherman* v. *District Court,* 51 Mont. 495, 153 Pac. 1019.)

The trial court in its expunging order of January 12, 1939, exceeded its jurisdiction. Respondents' motion to quash the writ is denied, and such order is annulled.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ANGSTMAN, ERICKSON and STEWART concur.

Rehearing denied June 12, 1939.