STATE ex Rel. VAUGHN, Relatrix, *v.* DISTRICT COURT
ET AL., Respondents.

(No. 8,192.)

(Submitted February 28, 1941.  Decided March 20, 1941.)

[111 Pac. (2d) 810.]

*Mr. John Collins,* for Relatrix, submitted a brief, and argued the cause orally.

*Mr. Frank E. Blair,* for Respondents, submitted a brief, and argued the cause orally.

MR. CHIEF JUSTICE JOHNSON delivered the opinion of the court.

This is a proceeding in review by which relatrix, plaintiff in the court below, seeks to annul an order contended to have been made without jurisdiction by the district court on January 18, 1941, vacating an order rendered on May 28, 1940, taxing plaintiff's costs on retrial and striking defendant's bill of costs on appeal from a prior trial.

In *Vaughn* v. *Mesch,* 107 Mont. 498, 87 Pac. (2d) 177, 123 A. L. R. 1106, a judgment in plaintiff's favor was reversed and the cause remanded to the respondent court for a new trial without an express award of costs to defendant. The remittitur was filed below on March 6, 1939, and on March 15, within the time provided by section 9805, Revised Codes, defendant filed her cost bill for $571.90, her appeal costs; but whether the cost bill was served upon plaintiff does not appear in the record. A retrial was had and a verdict was rendered and judgment thereon docketed for plaintiff on April 20, 1939, and a formal judgment thereon was rendered on April 22. Meanwhile, on April 21, the defendant procured a writ of execution on the remittitur and her cost bill for the appeal costs and had it levied by the sheriff upon the new judgment against her; the levy is still in effect. Within five days after the judgment on retrial, the plaintiff filed her bill for the retrial costs and defendant filed a motion to tax the same. Plaintiff moved to tax defendant's appeal costs, but when the motion was made or how it was disposed of does not appear in the record, and it appears to have been abandoned. Plaintiff also made on May 10, 1939, and filed on an undisclosed date, a notice of motion to strike defendant's appeal cost bill. The reciprocal motions were finally submitted to the respondent court and judge, and an order was made on May 27, 1940, and filed on May 28, taxing plaintiff's costs on the retrial and striking defendant's appeal cost bill.

· The defendant first learned of this disposition of her cost bill for the appeal costs on August 13, 1940, and on August

20 gave notice of a "motion for new trial on motion to tax costs." Subsequently on September 20, 1940, she gave notice of a "motion for an order of court to vacate and set aside order taxing costs and for a rehearing on motion to tax costs." The first motion was abandoned, apparently because our statute (sec. 9395, Rev. Codes) limits new trials to issues of fact, and on January 18, 1941, the respondents made an order purporting to grant the second motion to vacate the order of May 28, 1940, and authorize a rehearing on the two motions. It is this order of January 18, 1941, which the relatrix, plaintiff in the district court, attacks by this proceeding.

The respondents' return is to the effect that the order of May 28, 1940, is erroneous, and that the intention in granting the motion was to remedy the error. The respondents also by what they denominate "cross petition" ask that if this court grants a peremptory writ annulling the order of January 18, 1941, it also issue a peremptory writ annulling the order of May 28, 1940, so that the respondents may reconsider the motion to strike defendant's cost bill. It seems clear that the latter request can in no event be granted since the record is insufficient as a basis for such order and the respondent court and judge are not in a position to request such remedy as against their own order.

No contention is made that the order of May 28, 1940, was entered unintentionally, inadvertently or without jurisdiction, or that it is void; and the only question is whether the trial court, after making a final order of the kind, may set it aside solely on the ground that it is erroneous. If so, such an order never will become final and the jurisdiction of the trial court will continue indefinitely with what amounts to a right in the dissatisfied party to appeal to the trial court from its own orders. Such a result cannot be allowed since the final actions of courts must become conclusive, subject only to the constitutional and statutory provisions for new trials or for reviews by an appellate court.

It is well settled that judgments or records of trial courts may be modified or amended to remedy errors in certain

respects, but only to make them express what was actually decided or to grant the relief originally intended, and not to set aside what has been determined nor to correct a judicial error or make a new adjudication (*State ex rel. Kruletz* v. *District Court,* 110 Mont. 36, 98 Pac. (2d) 883, and cases therein cited; *State ex rel. Union Bank & Trust Co.* v. *District Court,* 108 Mont. 151, 91 Pac. (2d) 403).

The order of January 18, 1941, the application for that order, ▪▪▪▪ and the respondents' return to the alternative writ in this proceeding, all demonstrate clearly that the purpose of the order was not to correct the record to show what was actually decided or intended to be decided, but rather to reconsider an adjudication which had become final so far as the trial court was concerned. We must conclude therefore that the order of January 18, 1941, was made without jurisdiction and is void.

Whether the order of May 28, 1940, was void; or whether it was erroneous; or, if not void, what effect, if any, it had upon defendant's execution for her appeal costs on the remittitur, are not before us in this proceeding. Those questions may be presented if the plaintiff in some manner attacks the defendant's writ of execution.

What we shall say here with reference to those phases of the matter is not intended as laying down the law applicable to them, but only to suggest the possible remedies, in view of the fact that this case has already required two trials in the district court and an appeal and this proceeding in the supreme court.

It would seem that the order of May 28, 1940, was erroneous, being based as it was on *Lloyd* v. *City of Great Falls,* 107 Mont. 588, 87 Pac. (2d) 187, in which this court overlooked Rule XVII (which as amended now appears in the revision effective March 1, 1941, as Rule XVIII). (See *State ex rel. Hurley* v. *District Court,* 27 Mont. 40, 69 Pac. 244; *First State Bank* v. *Larsen,* 72 Mont. 400, 233 Pac. 960.) The result was not affected in the *Lloyd Case,* since the error was in the appellant's favor and he therefore had no right to complain of it by appeal. The trial judge in this case is entitled to commenda-

tion for his attempt to correct the error into which he was thus led, and it is regrettable that we must find his act in excess of jurisdiction. The balance of what we shall say is directed to the other two questions mentioned above.

It seems advisable to call attention to the fact that this court held in *Gahagan* v. *Gugler,* 100 Mont. 599, 52 Pac. (2d) 150, that "although the order taxing costs follows the entry of judgment in point of time, it is in theory an intermediate order, and, when taxed, the costs are inserted in the blank left in the judgment as originally entered (sec. 9806, Rev. Codes 1921) and become a part of the judgment theretofore entered (*In re Williams' Estate,* 52 Mont. 366, 157 Pac. 963; *Ferris* v. *McNally,* above [45 Mont. 20, 121 Pac. 889], without changing the date of entry of judgment." For that reason the court held, as it has repeatedly done since *Rader* v. *Nottingham,* 2 Mont. 157, that it was not "a special order made after final judgment" within the meaning of subdivision 2 of section 9731; that it could be reviewed only on appeal from the judgment, even though the only objection was to the adjudication of costs; and that the time for appeal therefore runs from the date of judgment.

But the order taxing appeal costs becomes a part of the judgment ordered by the remittitur (*In re Williams' Estate,* supra), and not a part of the judgment upon the retrial; for section 9805, Revised Codes, gives the successful appellant the immediate right to a writ of execution without regard to a subsequent retrial of the cause. It thus becomes in effect a part of the judgment of this court, over which the district court has no jurisdiction except to enforce it or to determine disputed items (*In re Williams' Estate,* supra; *In re Jennings' Estate,* 79 Mont. 73, 254 Pac. 1067) and from which no appeal lies (*Lloyd* v. *City of Great Falls,* supra). Without reference to that fact it was early held by this court in *Ryan* v. *Maxey,* 15 Mont. 100, 38 Pac. 228, where on appeal the lower court's judgment was affirmed, that the order taxing the appeal costs did not, like an order taxing the trial costs, become part of the original judgment, and that it was therefore a special order made after final

judgment and was an appealable order under the statute. However, in *State ex rel. Bullard* v. *District Court,* 86 Mont. 358, 284 Pac. 125, in which the lower court's judgment was reversed, it was held that there was no judgment in existence, that therefore the order taxing appeal costs was not a special order after final judgment and was not appealable, and that it could be reviewed by writ of supervisory control. To prevent confusion between cases in which judgments are affirmed and those in which they are reversed, it seems preferable to recognize the fact that in either case the order taxing appeal costs relates to the judgment ordered by this court's remittitur rather than to the original trial judgment; consequently, since no appeal lies, the order taxing appeal costs or striking the appeal cost bill should in either event be reviewable by special proceeding; and the same should be true of an order which taxes the costs after an ordinary judgment in the district court too late to permit its review on appeal from the judgment.

This court held in *State ex rel. Hurley* v. *District Court,* supra, *State ex rel. Riddell* v. *District Court,* 33 Mont. 529, 85 Pac. 367, and *State ex rel. Bullard* v. *District Court,* supra, that the provisions of section 9803 (section 1867 of the Code of Civil Procedure at the time of the first two decisions) should be followed, with reference to a bill for appeal costs. If they were followed, and if no notice of motion to tax the costs was filed and served within five days after notice of filing of the cost bill, or, if so filed and served, was abandoned, it would appear that the execution should be good. If, on the other hand, the provisions of section 9803 were not followed, the defendant's writ of execution for her costs would seem to be void. At any rate, the validity of the execution, rather than that of the order of May 28, 1940, seems to be the real question; for if the necessary procedural foundation was not laid for its issuance, the writ could have no validity; on the other hand, if the necessary foundation was laid, the writ was valid when issued, and we do not see how an order made thereafter striking the cost bill could invalidate the writ. Whether the remedy with regard to either the writ or the order is in the trial court or the

supreme court would seem to depend upon whether the writ or order is void or is merely erroneous; but we do no more here than to suggest these points for the reason given above.

In any event, the order of January 18, 1941, is void and must be annulled. Let judgment issue accordingly.

ASSOCIATE JUSTICES ANGSTMAN, ERICKSON, ANDERSON and MORRIS concur.